First Baptist Church in Brooklyn agt. Brooklyn Fire Insurance Company.

---

## SUPREME COURT.

THE TRUSTEES OF THE FIRST BAPTIST CHURCH IN BROOKLYN and others agt. THE BROOKLYN FIRE INSURANCE Co.

*Exceptions to the admission and rejection of testimony and to the judge's charge at the circuit.*—The judge properly excluded evidence to show what was the meaning of the words "permanent policy" in a policy of fire insurance. There is no ambiguity in these words.

The judge properly allowed a witness to testify that there was no renewal of the policy of insurance, where the witness was called to speak of a *fact*, and not in regard to the law.

Evidence to show that the insurance company had permanent policies issued to *other parties*, and the *practice* or *usage* of the company in making such arrangements, was properly excluded.

It is a settled rule that where a *conversation* between persons is offered in evidence, it is the duty of the party offering it, to disclose how it may be material.

Testimony cannot be offered for the purpose of contradicting a witness where the *attention* of the witness has not been called to the subject in regard to which he is proposed to be contradicted.

Where a *witness* gives testimony upon the plaintiff's examination, and in reference to a matter about which no inquiry has been made by the defendant, the plaintiff cannot be allowed to call witnesses to contradict him.

A judge is not bound to adopt the precise verbiage of a *request* to charge the jury; it is sufficient if in *effect* he charges in accordance with the request.

*New York General Term, July,* 1862.

INGRAHAM, LEONARD and ROSEKRANS, *Justices.*

APPEAL from a judgment at special term.

By the court, ROSEKRANS, J. There was no ambiguity in the words "permanent policy," and the judge properly excluded evidence to show what was their meaning. They were correctly assumed to mean, as was insisted by the

plaintiff, an insurance from year to year, and until terminated by an express notice by one of the parties to the contract to the other. The words of a contract are to be regarded as used in their common and ordinary sense, unless they are shown to have acquired and to have been used in a technical sense. No such evidence was given or offered in relation to the use of the words referred to.

We think, too, that there was no error in allowing the witness Stevens to testify that there was no renewal of the policy in question from the 21st of July, 1848. The witness was called to speak as to a fact, and not in regard to the law. He only intended to convey the idea that there was no formal renewal of the policy in the ordinary manner in which renewals were effected. This is apparent from the other testimony which he gave in immediate connection with the testimony objected to, that no application for renewal was made, and no premium was paid or other act done towards a renewal after the 21st of July, 1848. He did not undertake or intend to speak of the effect of prior acts or negotiations between the parties upon the subject of a renewal of the policy. Of course, the negative testimony he gave amounted to nothing more than a statement of the absence of knowledge by him of any renewal of the policy or application to renew it, or of the payment of premium for that purpose.

The court properly admitted the testimony of Stevens that Mr. Ellsworth, the president of the defendant, never reported to the company any arrangement or understanding to the effect testified by Mr. Lewis, that the policy was to be a permanent one. When that testimony was given the plaintiff had not shown any authority by Ellsworth to make such an arrangement for or on behalf of the company. The admission of this authority to make such a contract was made at a subsequent stage of the trial, and when that admission was made it deprived this part of his evidence of its whole force. If the plaintiff then desired its exclu-

sion from the record, he should have made an application to strike it out.

The fact that the company had permanent policies issued to other parties, and the practice or usage of the company in making such arrangements with others, was also properly excluded. This evidence could have no possible bearing upon the question whether a similar arrangement had been made with the plaintiffs.

It was not stated upon the trial for what purpose the conversation between Mr. Beers and Mr. Sandford in regard to the insurance of the plaintiffs' church was offered, nor how it could be material, nor does the case disclose what was the nature of the conversation proposed to be proved. The offered evidence was apparently immaterial. It was not 'proposed to be shown that the conversation related to any act which Beers was then performing as the agent of the defendant, and it is impossible to perceive how it could have affected the defendant. It is well set-tled that under such circumstances it is the duty of the party offering the evidence to disclose how it may be mate-rial. We think the ruling at the circuit was proper upon this subject.

The judge also properly excluded the testimony of Mr. Sandford and Mr. Lewis, offered for the purpose of contra-dicting Mr. Stevens. The attention of Stevens had not been called to the subject in regard to which he was pro-posed to be contradicted. And, besides, the testimony which he gave, in relation to which the plaintiff proposed to contradict him, was given upon the plaintiff's examina-tion, and had reference to a matter about which no inquiry had been made by the defendant. Stevens was the plain-tiff's witness upon this subject. In addition to this, the testimony offered would not have constituted a contradic-tion of Stevens. The evidence which he gave, to which the offered evidence was claimed to be a contradiction, was that there had been no renewal of the policy, and no appli-

cation to renew it, and no premium paid or other act done for that purpose after July 21, 1848. Had the plaintiffs shown that on the morning after the loss occurred Stevens said, " We do not regret our policies," or " that the church was insured at the time of the fire," this evidence would not have been in conflict with the testimony which he had given. Viewed in this light it might have amounted to an admission of a subsisting policy; but it was not offered, nor would it have been admissible for such a purpose. Stevens was not authorized to make such admission.

We think the judge properly disposed of the request of the plaintiffs to charge that the policy was in fact renewed for the year ending on the 21st of July, 1848. In effect he charged in accordance with the request. He was not bound to adopt the precise verbiage of the request.

Nor can we discover any error in the refusal of the judge to charge that an alteration in the amount of premium would not of itself operate as a termination of the agreement, or as an alteration of it in other respects. The refusal, as the case states, was accompanied with a repetition of the substance of what had already been charged in relation to the effect of a change in the amount of premium, which was in substance that it was a question of fact for the jury whether there was an agreement by the parties to modify the original agreement of insurance by changing the rate of premium, and to continue it in force as thus modified; and that, if the jury found in the affirmative, the plaintiffs were entitled to recover unless they had waived the contract as to a continuance of the risk after July, 1848, or unles by their acts they had given the defendants to understand that they did not desire or expect a renewal of the policy. The alteration of the rate of premium necessarily operated as a termination of the agreement of 1846; but the question whether the agreement, as modified by the change of premium, was made or existed between the parties, was properly submitted to the jury,

This disposes of all the questions raised by the points now presented on the part of the plaintiffs. The conclusion is, that the case was properly disposed of by the judge at the circuit, and that the judgment should be affirmed.

LEONARD and INGRAHAM, J. J., concurred.