### A. B. CLEVELAND Co., Limited, *v.* A. C. NELLIS Co.

*(Common Pleas of New York City and County, General Term.* April 4, 1892.)

SALE—BREACH OF WARRANTY—EVIDENCE OF DAMAGE.

On a claim for breach of warranty on a sale of goods the evidence was that the value of the goods was much less than the price agreed to be paid, but it did not appear that the purchaser had paid on account of the price anything more than the admitted value of the goods received and retained, or that their value, as warranted, exceeded the price. *Held,* that there was no ground for recovery of damages.

2. CREDIBILITY OF WITNESS.

The general manager of a corporation, who purchases goods for it in the course of his management of its affairs, is so far identified with it in interest that his testimony that the goods were not as warranted may be rejected as testimony of an interested witness, though wholly uncontradicted.

3. EVIDENCE—REJECTION—SUFFICIENCY OF OFFER.

Unless the materiality of testimony offered is disclosed, its exclusion is not error.

Appeal from city court, general term.

Action by the A. B. Cleveland Company against the A. C. Nellis Company to recover the purchase price of seed sold and delivered by plaintiff to defendant, the answer admitting the sale and delivery of the seed, but denying the value thereof, and also seeking by way of, counter-claim to recover damages for plaintiff's alleged breach of warranty in the sale and delivery of seed other than that for the recovery of the purchase price of which this action was brought. Defendant appeals from a judgment of the general term of the city court affirming a judgment for plaintiff entered upon the verdict of a jury, and an order denying defendant's motion for a new trial.

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*Kellogg, Rose & Smith, (Abram J. Rose,* of counsel,) for appellant. *Charles F. McLean,* for respondent.

BISCHOFF, J.   As it was conceded upon the trial that defendant was indebted to plaintiff on account of the first cause of action set forth in the complaint in the sum of $340.39, and the second cause of action was withdrawn, the contention of the parties to this action was limited to defendant's right to recover upon the counter-claim averred in the answer.   Defendant claimed that some time in or about the years 1887 or 1888 one John H..Flanders was plaintiff's authorized agent for the sale of seed, and as such sold and delivered to the defendant a quantity of seed peas, representing and warranting them to be first class, of a certain name, kind, and quality, as well as marketable; that defendant agreed to pay therefor $1,777.50; that the seed peas delivered were not of the kind and quality represented and warranted, but that they were of inferior quality, and non-marketable; and that because of plaintiff's breach of warranty defendant sustained a loss of $2,000.   The agency of Flanders, as well as the sale and warranty by him as the agent of the plaintiff, was denied by the latter.   On the trial, however, defendant adduced evidence tending to establish those facts, but the only evidence relied upon to sustain the allegation of a breach of the warranty, so far as it is apparent from the record before us, consisted of the testimony of Howland, defendant's general manager, to the effect that the seed delivered was at the time of the trial worth no more than $260, though defendant had agreed to pay therefor $1,777.50; and to support the claim of damage resulting from the breach of the alleged warranty by the plaintiff the evidence adduced for the defendant failed to disclose that the seed delivered, if it had been of the kind and quality as warranted, would have been worth any more than defendant had agreed to pay, or that defendant did pay the sum agreed.   It is true that Flanders, a witness for defendant, did testify that defendant had paid him something on account of the purchase price, and that the amount paid him was remitted to plaintiff; but how much defendant had paid, and whether or not it was more or less than the actual value of the seed delivered to and retained by the defendant, did not appear.   Upon this evidence plaintiff requested the court to direct a verdict in its favor for the amount conceded to be due on the first cause of action, which request was refused.   Thereupon defendant moved for the direction of a verdict in its favor for $1,176.61, the sum agreed to be paid by it for the seed, after deducting therefrom $260, the actual value of the seed delivered, and $340.89, the amount admitted to be due and owing from it to the plaintiff on the first cause of action.   This motion was also denied, and the court thereupon proceeded to charge the jury, submitting to them for determination only the question whether or not the seed peas delivered were as warranted, and directing them, if they believed the evidence adduced by defendant that they were not so, to find for the defendant in the sum of $1,176.61, that being the amount, as above stated, agreed to be paid by defendant for the seed, less the actual value of the seed delivered and retained and the admitted indebtedness to plaintiff on the first cause of action, the court thus assuming the facts of the sale and warranty of the seed to be established.   No request was made on behalf of either party for the submission of any other question, and no exception was taken to the charge.   The jury disregarded defendant's counter-claim, and found a verdict for the plaintiff in the sum of $340.89.   Defendant thereupon moved for a new trial upon the several grounds allowed by section 999 of the Code of Civil Procedure, which motion was denied.   To the refusals of the court to direct a verdict for defendant, and to grant a new trial, defendant duly excepted.

We think that the evidence did not authorize a finding for the defendant upon the counter-claim, and that a verdict should have been directed for the plaintiff as requested.   Assuming it to be as claimed upon the trial, that the seed alleged to have been sold and delivered by plaintiff to defendant was not worth as much as defendant had agreed to pay therefor, it did not follow that

the seed was not of the kind and quality warranted. That it was not so was the essential fact upon which defendant's right to recover was dependent, and it was incumbent upon defendant to establish the existence of that fact by sufficient evidence. Again, there was no proof of any damage resulting to defendant from a breach of the alleged warranty. This action was not brought to enforce payment of the purchase price agreed to be paid by defendant, and it nowhere appeared that defendant had paid on account of such purchase price anything beyond the admitted value of the seed delivered to and retained by it; and, in the absence of proof that the value of the seed, as warranted, exceeded the price agreed to be paid, no damage could have resulted to defendant from a breach of the warranty. But, assuming that defendant has paid the whole purchase price agreed to be paid by it, and that the testimony of Howland, defendant's general manager, was sufficient to have sustained a finding that the seed delivered was not as warranted, and was wholly uncontradicted in this respect, the testimony was subject to discredit as that of an interested witness, as the facts that he purchased the seed and contracted the indebtedness for it in the course of his management of defendant's affairs sufficiently identified him with defendant's interest in the subject-matter of the counter-claim to bring his testimony within the rule that the testimony of an interested witness may be rejected, though not disputed. *Elwood* v. *Telegraph Co.*, 45 N. Y. 549; *Honegger* v. *Wettstein*, 94 N. Y. 252; *Bank* v. *Diefendorf*, 123 N. Y. 191, 25 N. E. Rep. 402. Defendant's motions were therefore properly denied.

On the trial defendant's counsel offered in evidence a number of letters, besides testimony, all of which had reference to transactions between plaintiff and persons other than defendant, and were in no manner connected with the subject-matter of the counter-claim. These letters, and the testimony offered, were properly excluded as irrelevant, and the exceptions to such exclusion are without merit.

One other exception is urged upon defendant's brief,—that having reference to the exclusion of testimony to an alleged conversation of defendant's witness Flanders with Stearns, plaintiff's treasurer. To have entitled defendant to the introduction of testimony respecting this conversation, it was incumbent upon counsel first to have disclosed its materiality. Such was omitted, and the testimony was therefore properly excluded. *Trustees, etc.*, v. *Insurance Co.*, 23 How. Pr. 448. The judgment and order appealed from should be affirmed, with costs.

PRYOR, J., (*concurring.*) I am of opinion that the sum for which the peas were sold, ($1,777.50,) being the mutual admission of the parties, was evidence of the value of the peas as warranted. The actual value of the peas being shown to be $260, defendant's damages would be the difference between that amount and $1,777.50. But, by the contract, defendant owed the plaintiff $1,777.50,—the purchase price,—less the amount of damages from breach of the warranty, namely, $1,517.50. Deducting from this sum $340.89, the amount defendant admits to be due plaintiff on another contract, there remains an apparent indebtedness to defendant of $1,176.61. But then defendant owes plaintiff for the purchase price of the seed, namely, $1,777.50, leaving a net balance due to plaintiff of $600.89. When a vendee claims damages for breach of warranty, he proceeds on the contract; and, if the unpaid purchase price is exactly equivalent to the amount of his damage, evidently he can recover nothing; and, if more, that the vendor may recover. Here, the case being submitted to the court by both parties, as upon uncontroverted evidence, on defendant's own proof a verdict should have been directed for the plaintiff in the sum of $600.89. But, as the plaintiff does not appeal, the judgment though inadequate, must be affirmed.

ALLEN, P. J., concurs.