---

### HOWE et al. v. SCHWEINBURG.

(City Court of New York, General Term.   December 22, 1892.)

TRIAL—DIRECTION OF VERDICT—UNCONTRADICTED WITNESS.

In an action by lawyers for services, where the issue is as to the contract under which the services were rendered, plaintiffs' clerk is not so interested in the result as will render necessary the submission to the jury of his evidence as to the contract, where he is unimpeached and uncontradicted by other witnesses or by circumstances, and his evidence is natural and probable, and the direction of a verdict, on his evidence, in plaintiffs' favor, is proper. Fitzsimons, J., dissenting.

Appeal from trial term.

Action by William F. Howe and Abraham H. Hummel against Isabella Schweinburg, as administratrix, etc., of Philip Schweinburg, deceased, for service.   At a trial a verdict was directed in plaintiffs' favor, and defendant appeals.   Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Abram Kling, for appellant.

David Leventritt, for respondents.

EHRLICH, C. J.   The plaintiffs declared upon and proved a special contract, by which the intestate, prior to his death, agreed to pay the plaintiffs a specified sum of money, as a fee, if they succeeded in accomplishing certain results, which they ultimately brought about, after the expenditure of time and labor.   The plaintiffs received part of the fee, and the trial judge directed a verdict in favor of the plaintiffs for the balance.   The evidence of Moss, the plaintiffs' clerk, as to the contract relied upon, is full, positive, clear, and uncontradicted, and the witness stood unimpeached.   Within the rule, therefore, that where an unimpeached witness gives testimony uncontradicted either by other witnesses or circumstances, and, moreover, natural, plausible, and probable, such testimony is conclusive, must be accepted by the court, and need not be submitted to the jury.   Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. Rep. 109; Lomer v. Meeker, 25 N. Y. 361; Plyer v. Insurance Co., 121 N. Y. 692, 24 N. E. Rep. 929.   There is no merit in the exceptions, and no error requiring a new trial.   It follows that the judgment must be affirmed, with costs.

NEWBURGER, J., concurs.

FITZSIMONS, J., (dissenting.)   The witness Moss, who testified as to the contract between plaintiffs and defendant's intestate upon which this action is based, sustains towards plaintiffs an extremely close, intimate, trusted, and confidential relation, such as partners usually occupy towards one another.   So much do they confide in him that they permitted him to argue the matter for which the fee in suit was promised before the governor of this state, and upon the success of his efforts depended the plaintiffs' right to said fee, amounting to $1,000,—no small matter.   He is an intelligent, capable, faithful, valuable, and valued assistant, earning $4,000 a year, and as such takes such an interest in the plaintiffs' law business as to be practically interested therein, and be identified therewith so deeply and intimately as to bring him within the class of witnesses whose testimony must be submitted to a jury, even though uncontradicted, because of their bias and interest.   A. B. Cleveland Co. v. A. C. Nellis Co., (Com. Pl. N. Y.), 18 N. Y. Supp. 448.   I think that the trial justice should have submitted plaintiffs' testimony to the jury for their verdict, and that it was error for him to direct a verdict thereon in their favor.   Judgment should be reversed, and a new trial ordered.