FLANAGAN *v.* MITCHELL *et al.*

(*Common Pleas of New York City and County, General Term.* June 2, 1890.)

1. ORDERS—CONDITIONAL ACCEPTANCE.
   Where defendants accept an order on them for the payment of money by writing thereon "Accepted, payable out of" a certain payment, the acceptance is conditional, and becomes absolute when the specified payment is made to defendants.

2. SAME—CONSIDERATION.
   Where plaintiff testifies that he took the order in payment for plastering, in reliance on defendants' promise to accept it, and forebore to file a lien for the amount due him, it is immaterial whether or not defendants received any consideration for their acceptance, as plaintiff's forbearance is sufficient to bind them.

3. APPEAL—HARMLESS ERROR.
   Where defendant is allowed as a witness to refer to and refresh his memory from a certain instrument which is excluded from evidence, and plaintiff subsequently withdraws all objections to the admission of the instrument, but defendant declines to introduce it, any error in its original exclusion is cured.

Appeal from trial term.

Action by Richard Flanagan against Peter and David Mitchell. Judgment for plaintiff, and defendants appeal.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Chauncy S. Truax,* for appellants. *Thomas C. Ennever,* for respondent.

LARREMORE, C. J. The plaintiff is a plasterer by trade, and prior to September 4, 1886, was engaged in plastering a row of buildings, in Seventy-First street, near West-End avenue, under a subcontract with Messrs. Fonner & Lowther, the builders. It is undisputed that upon said day the following instrument was executed by said builders, delivered to the plaintiff, and accepted as therein stated by the defendants: "September 4, 1886.

"GENTLEMEN: Please pay to Richard Flanagan the sum of $500, and charge the same to our account, and oblige, very respectfully,

"FONNER & LOWTHER.

"To P. & D. Mitchell.

"Accepted, payable out of standing trim payment.

"P. & D. MITCHELL, Attorneys for Loan."

This action is to enforce payment of such instrument. The learned trial judge correctly instructed the jury that the words "attorneys for loan" were mere surplusage, to be disregarded, and, further, that the instrument was not to be taken as an ordinary bill of exchange absolutely accepted; but that defendants' action in the premises constituted a conditional acceptance. The obligation thereunder consequently could not become absolute until the condition therein named was fulfilled. It appears, however, that the complaint contains an allegation that there came into the hands and possession of defendants a sum exceeding $500 on account of said standing trim payment, and that they retained and kept the amount from the said Fonner & Lowther on account of the order or draft above mentioned. This allegation is not de-

nied or referred to in the answer, and must therefore be taken as admitted for the purposes of the trial. This is, of course, the strict legal effect of allowing an allegation to go undenied in the pleading, and, furthermore, it hardly seems that the omission could have resulted from inadvertence, because the defendant who testified on the trial on this subject would only say that the standing trim payment was never due, and that he did not think it was made as a matter of fact. This witness further states the conclusion of law that money was never advanced to Fonner & Lowther that ought to have gone to Mr. Flanagan, and adds that the money that Fonner & Lowther got after all these liens and judgments were put on was a matter of grace. The question attempted to be raised in such evidence with regard to the falling due of the standing trim payment relates to the construction of the building loan contract to Fonner & Lowther. We should be obliged to hold the defendants to their admission in the answer under any circumstances, and a perusal of Mr. Mitchell's testimony convinces us that no actual injustice results from the application of such technical rule.

But, although the condition of the acceptance must be held to have been fulfilled, the appellant further argues that there was no consideration to support the obligation undertaken by the Messrs. Mitchell. One ground of error assigned is the exclusion of the question to one of the defendants: "Did you ever receive any consideration, or did you, as attorneys for the parties making the loan, receive any consideration for this acceptance?" We think this question was immaterial. As between these parties it was not of the slightest consequence whether the defendants gained any advantage for the obligation they incurred. The real consideration here was forbearance on the part of the plaintiff. He testifies that, before the draft was signed, there was a request made upon Mr. Mitchell to pay him the money. "Mr. Mitchell said he did not owe them money just then; that he could not advance me [him] any money, because there was not enough security for the same. Then I said, ' Mr. Mitchell, I will have to put a lien on the job if you don't.' He said, ' No, I would not do that. * * * If they give you an order I will accept the order on the standing trim payment.' " Plaintiff's theory of this action is that, relying on Mr. Mitchell's acceptance, he did not take immediate steps to secure himself by a lien. This is certainly ample consideration in law to hold the defendants, and the question whether or not they received anything by way of indemnity or direct profit for their acceptance would be collateral to the issues of the present case.

The defense was also raised that the amount of this draft was intended to be merged into a mortgage subsequently given by the builders to the plaintiff. Plaintiff on his part denied that the amount of said draft was included in said mortgage, and that it ever was intended that the same should be extinguished. The evidence was conflicting on this point, and the question was fairly submitted to the jury, and their verdict in plaintiff's favor must stand. The answer does not allege whether a bond, or note, or any other instrument, accompanied the mortgage. Even if this mortgage had been given as collateral security for the draft and other indebtedness, said draft, and the right to sue upon it independently, would not have been extinguished.

Counsel for appellant contends that the exclusion of the contract between Andrew J. Skinner and Sarah E. Lowther and James S. Fonner was error, necessitating a reversal. But this contention cannot prevail. The defendant referred to such contract, and refreshed his memory from it in giving his evidence; and subsequently counsel for plaintiff withdrew all objection, and the defendants were given an opportunity of introducing such contract in evidence at a later stage in the case, if they so desired. This offer they then refused, and we think that any error that might have existed by reason of the original exclusion was thereby cured.

The judgment appealed from should be affirmed, with costs.