ARNSTEIN *v.* HAULENBEEK.

(*Common Pleas of New York City and County, General Term.* December 1, 1890.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    On appeal from an order of the general term of the New York city court affirming an order denying a new trial, the court of common pleas cannot reverse such order on the ground that it is against the weight of evidence.

2. SAME—HARMLESS ERROR.
    The exclusion of a question to a witness whether a pass-book was not indorsed in the name of a certain person is not cause for reversal, where the pass-book was afterwards admitted in evidence.

3. PARTIES—OBJECTIONS FOR DEFECTS.
    As a defect of parties plaintiff is waived, under Code Civil Proc. N. Y. § 499, unless the objection is taken either by demurrer or answer, the exclusion of evidence that another person was a partner with plaintiff is not error, where defect of parties was not pleaded.

4. APPEAL—HARMLESS ERROR.
    A ruling excluding evidence is not ground for reversal, where the same fact is subsequently proved.

5. SAME—OBJECTIONS NOT RAISED BELOW.
    A statement of the evidence in the charge to the jury, even if incorrect, does not require a reversal, if no request for a correction was made by appellant.

Appeal from city court, general term.

Action by Emanuel Arnstein against Ellen A. Haulenbeek on an account stated for goods sold and delivered. The jury found a verdict for plaintiff, and a motion by defendant for a new trial was denied. From a judgment entered on the verdict, and the order denying a new trial, defendant appealed to the general term of the city court, which affirmed the judgment and order, and from that judgment plaintiff appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*H. B. Vandyke,* (*Philip Carpenter,* of counsel,) for appellant. *Abraham L. Jacobs,* for respondent.

PRYOR, J.  The appeal is from a judgment of the general term of the city court affirming a judgment on a verdict, and from an order affirming an order denying a motion on the minutes for a new trial.  The action is upon an account stated for goods sold and delivered.  The answer is a general denial. That the goods were sold and delivered, and that the balance claimed has not been paid, were conceded facts on the trial.  The only issues litigated were the statement of account, and the liability of defendant.

Upon the appeal from the order, defendant's contention is that the verdict is against the weight of evidence.  But the rule is settled beyond controversy that, upon appeal from an order of the general term of the city court affirming an order denying a new trial, this court cannot reverse the order on the ground that the verdict is against the weight of evidence.  *Rowe* v. *Comley*, 11 Daly, 317; *Farley* v. *Lyddy*, 8 Daly, 515; *Tinsdale* v. *Murray*, 9 Daly, 446; *McEteere* v. *Little*, 8 Daly, 167; *Bell* v. *Bartholomew*, 11 Reporter, 510, 12 Wkly. Dig. 33; *Duryea* v. *Vosburgh*, 121 N. Y. 57, 24 N. E. Rep. 308.  But, even had this court jurisdiction to review the order, it must be affirmed, because the case does not purport to contain all the evidence bearing on the questions in controversy. *Aldridge* v. *Aldridge*, 120 N. Y. 614, 24 N. E. Rep. 1022; *Porter* v. *Smith*, 107 N. Y. 531, 14 N. E. Rep. 446; *Sewing-Machine Co.* v. *Best*, 4 N. Y. Supp. 510; *Wellington* v. *Improvement Co.*, 5 N. Y. Supp. 587; *Murphy* v. *Board, etc.*, 6 N. Y. Supp. 99; *Cheney* v. *Railroad Co.*, 16 Hun, 415; *Cornish* v. *Graff*, 36 Hun, 160.  It is sufficient for the respondent that the case exhibits some evidence to support the verdict.  *Aldridge* v. *Aldridge, supra*.  In the interest of substantial justice, it should be said that, on a careful examination of the evidence, we do not observe such a preponderance of proof for the appellant as would warrant a reversal of the verdict.  *Baird* v. *Mayor, etc.*, 96 N. Y. 567. Upon the issues litigated, the case shows a direct conflict of evidence between the two witnesses of the respondent and the two witnesses of the appellant, and the rule is fundamental and familiar that the credibility of testimony is exclusively for the jury.  The exceptions to the rulings and charge of the court are obviously untenable.

1. The exclusion of the question, "Look at this pass-book and say whether that was not indorsed in the name of P. Haulenbeek?" if erroneous, was corrected by the subsequent admission of the book itself, which exhibited the indorsement to the jury.

2. As the answer alleged no defect of parties, the testimony stricken out, and the testimony excluded, as to Berg being a partner of plaintiff, were irrelevant to any issue in the action.  A defect of parties plaintiff is waived if not taken either by demurrer or answer.  Code Civil Proc. § 499; *Zabriskie* v. *Smith*, 13 N. Y. 322; *Palmer* v. *Davis*, 28 N. Y. 242.

3. In the absence of a plea of payment, there was no error in excluding evidence that Mr. Haulenbeek had settled the account sued for, (*McKyring* v. *Bull*, 16 N. Y. 297;) and the fact that Mr. Haulenbeek paid some bills by his check as agent authorized no inference that he was discharging his own obligation, but the reverse rather.  But the error, if any, was corrected by subsequent proof of the fact.

4. Appellant's final exception is to the charge of the court that, "unless you believe the plaintiff on that point, he must fail, unless you believe the evidence of the plaintiff and his book-keeper to the effect that Mrs. Haulenbeek promised to pay this bill on several occasions."  The ground of objection was, as stated by counsel: "My remembrance that they testified that she would see Mr. Haulenbeek, and have him see to it."  But counsel's memory was at fault.  Plaintiff testified that defendant said, "She would see that I got my money," and the book-keeper testified that, when he presented the bill to defendant, she said, "She didn't have the money then, but would have it by the next day," and that "she had got the bill and would pay it."  The court therefore did not misstate the evidence in saying that, in effect, plaintiff and

his book-keeper testified that defendant promised to pay the bill.   If it were otherwise, however, appellant should have requested the court to correct its charge so as to conform it to the testimony.   The judgment and order must be affirmed, with costs.   All concur.