GRIER *et al.* *v.* HAZARD, HAZARD & CO.

*(Common Pleas of New York City and County, General Term.* June 1, 1891.)

APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.

     Where counsel for defendant, at the conclusion of the case, stated to the court, "I don't see any questions of fact here," and the court thereupon directed a verdict for plaintiff, an exception to such direction will not raise the point that the verdict should have been for a less amount; it being admitted that a verdict should have been directed for some amount. Affirming 13 N. Y. Supp. 588.

Appeal from city court, general term.

Action by Matthew Grier and Ella D. George as executors of Charles H. George, against Hazard, Hazard & Co., a corporation, for work, labor, and

materials, rendered by their testator to the defendant corporation.  From judgment of the general term of the city court, affirming judgment on a verdict directed by the court, defendant appeals.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Henry L. Landon,* for appellant.   *Edmund B. Whitney,* for respondents.

PRYOR, J.   Whatever errors may have been committed by the court below, it is impossible for this court, on the record before it, to reverse the judgment. After affirmance by the general term of the city court of a judgment on a verdict, we have no jurisdiction to review the facts.  A motion for a new trial was made on the minutes, and denied; but no order denying the motion was entered, and the appellant relies only on an exception to the denial of the motion, but such an exception is utterly ineffectual to present any question for review.   "On trials by jury, the only subjects for exception are rulings at the trial.   The motion for a new trial is a proceeding subsequent to the trial, and the order made on such motion is reviewable only by appeal."  *Boos* v. *Insurance Co.*, 64 N. Y. 236, 242.   "There must have been an order made and entered denying the motion for a new trial, and an appeal taken from such order."  *Ehrman* v. *Rothschild*, 23 Hun, 273.   Wherefore we are confined, on this appeal, to the review of errors of law raised and presented by proper exceptions.   On the conclusion of the case, the counsel for the defendant said to the court:  "I don't see any questions of fact here."   Acting upon this voluntary and explicit concession, the court directed a verdict for the plaintiffs.   The defendant made no request to go to the jury.   Incontestably the defendant is precluded to contend here that there were facts in controversy for determination by the jury; and the only question before us is, was there any evidence to sustain the verdict?  *Dillon* v. *Cockcroft*, 90 N. Y. 649; *Sutter* v. *Vanderveer*, 122 N. Y. 652, 25 N. E. Rep. 907.   And a wrong reason advanced by the judge for his direction is of no moment.   122 N. Y. 654, 25 N. E. Rep. 907.   The respondents urge that there was evidence to support all the issues in their favor; but even if this be not true, still a portion of their claim was established beyond controversy.   But the only exception by the defendant was "to the direction of the court;" and as, by concession, the court was right in directing a verdict for some amount, the exception is ineffectual to present the point that the verdict should have been for a less amount. If it be admitted that the respondents, as executors, were entitled to recover only a portion of their claim, and that the appellant was liable for only a part of the debt, still it was the duty of the appellant to call the attention of the court to the distinction, and the court was under no obligation, of its own motion, to discriminate between claims which the appellant had authorized to be disposed of by the court in mass.   The appellant has itself only to blame for its failure to escape, upon technical defenses, from payment of an indebtedness which, in equity and good conscience, it was bound to discharge. We are well content, even on technical grounds, to affirm a judgment which stands so clearly upon substantial justice.   Judgment affirmed, with costs.

All concur.