## DOUGLASS v. LEONARD.[1]

*(Common Pleas of New York City and County, General Term.   February 1, 1892.)*

1. DEFECT OF PARTIES—JOINT CONTRACTOR.
   In an action against one of several joint contractors to recover for services rendered them, if defendant fail to take advantage by demurrer or answer of the nonjoinder of his co-contractor, the fact that plaintiff's employment was joint will not prevent a recovery by him against defendant, who in that event would have recourse against his co-contractors for contribution.

2. EXECUTORS AND ADMINISTRATORS—PERSONAL LIABILITY.
   Where services are performed by an accountant, at the direct request of an executor, in the settlement of the accounts of an estate, the executor, and not the estate, will be personally liable to the accountant therefor.

3. ACTION AGAINST EXECUTOR—PERSONAL LIABILITY—EVIDENCE.
   In an action by an accountant against an executor for services rendered him in preparing accounts of the estate, in which it appeared that plaintiff received his instructions as to the method of their preparation from defendant and a co-executor, the court properly admitted in evidence, on behalf of plaintiff, letters from defendant to the co-executor tending to show that the co-executor's instructions were authorized by defendant.

4. SAME—LEADING QUESTION.
   In such action the question: "Mr. D. [plaintiff] has testified that in July, 1885, you requested him to write up the accounts of this estate for you. Is that true?"—propounded to defendant, does not suggest either an affirmative or negative answer, and is not leading.

5. SAME—CONCLUSION OF WITNESS.
   Defendant's witness was asked why he had not made use of the accounts prepared by plaintiff in the preparation of those subsequently presented by witness to the surrogate's court. *Held*, that the question was objectionable as calling for witness' conclusion and opinion.

6. SAME—EMPLOYMENT BY EXECUTOR—PROPER DISBURSEMENT.
   The court charged the jury that an executor could not bind the estate by the employment of a third person, but that, when he presented his accounts to the surrogate, he had a right to offer the expense of such employment as a proper disbursement, and that it was for the surrogate to allow or disallow the same. *Held*, that the instruction was correct as a proposition of law, but inapplicable to the facts of this case; plaintiff's claim being founded on a personal contract with defendant.

7. SAME—VALUE OF SERVICES—EVIDENCE.
   The accounts in question were exhibited to the jury, and testimony given by expert accountants that the usual compensation for such services was from $20 to $25 per day. Plaintiff claimed to have spent 75 days in preparing the accounts, though his testimony in that respect was vague. *Held*, it was competent for the jury to say, from an inspection of the accounts, whether 75 days, of from 6 to 8 hours each, were reasonably required in preparing the same, and that a verdict of $1,500 for plaintiff should not have been set aside.

14 N. Y. Supp. 274, reversed.

Appeal from city court, general term.

Action by John L. Douglass against Robert W. Leonard, executor of William H. Leonard, deceased. From a judgment of the general term reversing a judgment for plaintiff at the trial term, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF, J.

*Wm. W. Badger*, for appellant.   *Edwards & Odell*, (*Walter Edwards*, of counsel,) for respondent.

BISCHOFF, J.   Plaintiff sued to recover the fair and reasonable value of services, as an expert accountant, alleged to have been rendered and performed by him, at the request of William H. Leonard, in and about the preparation of the accounts of said Leonard, George W. Parsons, and Mrs. Almira Reed, as joint executors of and trustees under the last will and testament of Ebenezer Reed, deceased. The answer denied the employment of the plaintiff by the defendant, the performance of the services, and the value thereof; and the trial of the issues thus created resulted in a verdict for the

[1] Leave to appeal to court of appeals denied, 18 N. Y. Supp. 144.

plaintiff for $1,500, the full amount claimed, being at the rate of $20 per day for 75 days, with interest, upon which judgment was duly entered in his favor. At the close of the trial the defendant moved for a new trial upon the minutes, and upon the several grounds specified in section 999 of the Code of Civil Procedure, which motion was denied, and from the order entered upon that denial, as well as from the judgment, the defendant appealed to the general term of the court below, where the judgment only was reversed and a new trial granted; and from that order of reversal the plaintiff appealed to this court. The fact, therefore, that the order of the trial justice denying defendant's motion for a new trial remained undisturbed, confines us to the consideration of the validity of defendant's exceptions as authority for reversal of the judgment.

Upon the close of the introduction of plaintiff's direct evidence, defendant's counsel moved to dismiss the complaint upon the grounds that plaintiff had failed to establish his employment by the defendant individually; that there was a variance between the pleadings and the proof, in that the latter established an employment by the defendant jointly with Parsons and Mrs. Reed; and that defendant and Mrs. Reed, as survivors of the three joint contractors, should have been joined as defendants in this action. The motion was denied, and defendant's counsel duly excepted. There was no error in this ruling. At common law the non-joinder as party defendant of one jointly liable did not constitute a variance, and was ground for a plea in abatement only; the defect being waived if the defendant proceeded to trial on the merits, (*Mountstephen* v. *Brooke*, 1 Barn. & Ald. 224; *Le Page* v. *McCrea*, 1 Wend. 164;) and pursuant to the provisions of Code Civil Proc. §§ 488, 498, 499, the non-joinder as party defendant of one jointly liable is unavailable for any purpose unless the objection is taken by answer or demurrer. Assuming, therefore, that the evidence conclusively establishes a joint employment, as contended by defendant's counsel, plaintiff was nevertheless entitled to recover. Whether joint or several, the defendant's liability for plaintiff's entire demand was shown, and the payment of a judgment recovered against him alone could have had no other effect than that which would have resulted from payment without the judgment. Defendant still had his claim for contribution against his co-contractors, (2 Whart. Cont. § 835; *Aspinwall* v. *Sacchi*, 57 N. Y. 331; *Booth* v. *Bank*, 74 N. Y. 228; *Harbeck* v. *Vanderbilt*, 20 N. Y. 395;) and the only advantage which might have have inured to him from their joinder as parties defendant in this action would have been that a judgment therein against the defendants jointly would have concluded the parties in a subsequent action for contribution.

In *Patchin* v. *Peck*, 38 N. Y. 39, plaintiff sued to recover upon a demand alleged to be due him individually. The evidence showed it to be owing to a firm of which he was a member, and the defect of parties plaintiff was not objected to by answer or demurrer. The court held the failure to raise the objection by either means rendered proof of the firm ownership of the demands insufficient to bar recovery, and for that reason inadmissible. The principle upon which the decision proceeded is stated as follows: "It is suggested by counsel for the defendant that the rule ought not to be applied in this case, for the reason that the defendant could not determine from the complaint that this demand would be claimed by the plaintiff in his action. If this be so, the remedy of the defendant was either to apply to have the complaint made more specific, or to obtain a bill of particulars of the plaintiff's demand. The question remains, whether the evidence was admissible to restrict the recovery to the amount of plaintiff's interest in the demand. The interest of plaintiff was that of a partner, and extended to the entire demand. Payment of the whole to him would have discharged the defendant as to both partners. A recovery of the whole in this action by the plaintiff will have the like effect. Under such a state of facts, it was held by this court that when the

action was in tort, by one party jointly interested with another in the subject, matter, a recovery might be had for the entire demand. *Zabriskie* v. *Smith*, 13 N. Y. 322. No reason is perceived why the same rule should not be applied to actions upon contract under the Code." The same principle, it seems to us, may be applied to the case of a joint liability on contract. The obligation of each of the joint debtors to pay extends to the entire debt; and, if payment thereof is made by one, his remedy against the others for contribution cannot be impaired by the fact that such payment was made pursuant to a judgment recovered in an action to which the others were not made parties defendant. See, also, *Carter* v. *Hope*, 10 Barb. 180.

Another ground urged by defendant's counsel in support of the motion for the dismissal of the complaint was that the evidence established plaintiff's employment by Leonard, Parsons, and Mrs. Reed, not as individuals, but as executors, etc., of Ebenezer Reed. Were the evidence susceptible of no other construction or inference than that contended for on defendant's behalf, there would be no difficulty in the way of reaching the conclusion that the cause of action alleged in the complaint remained unproved, and that the motion to dismiss should have been granted. As it is, however, there was evidence from plaintiff's testimony that the services for which he sought to recover were performed by him upon the direct request of the defendant; and from that fact the law will imply a promise to pay what they were fairly and reasonably worth. That the services did not inure to the personal advantage of the defendant, but were required in matters pertaining to the estate of which he was an executor or trustee, did not absolve him from personal liability therefor, in the absence of an agreement to that effect. *Ferrin* v. *Myrick*, 40 N. Y. 315; *Mygatt* v. *Wilcox*, 45 N. Y. 306; *Austin* v. *Munro*, 47 N. Y. 360, 367; *New* v. *Nicoll*, 73 N. Y. 131; *Seaman* v. *Whitehead*, 78 N. Y. 306, 309. There was no evidence of such an express agreement; and whether or not the contracting parties intended that plaintiff should be confined to the estate for compensation was at most a matter of inference from the circumstances surrounding the request for, and the performance of, the services. These circumstances may be equally consistent with an inference either way, but it was for the jury to draw it, and not for the court. *Bank* v. *Dana*, 79 N. Y. 108, 112; *Smith* v. *Coe*, 55 N. Y. 678.

Other exceptions to the rulings upon the trial taken by the defendant prove to be equally without sufficient force to warrant the reversal of the judgment. Plaintiff's testimony concerning an interview with Mrs. Reed, which was objected to by defendant, related wholly to a demand by him for payment of the amount claimed for compensation, to which he had previously testified without objection. The letters from Leonard to Parsons, which were admitted against defendant's objection, referred to the preparation of the accounts, for which plaintiff claimed to have been employed. He testified that his instructions concerning the manner of their preparation were received partly from the defendant, personally, and partly from Parsons, his co-executor; and evidence tending to show that Parsons' instructions were authorized by the defendant was competent. For that purpose the letters containing such authority were both relevant and material, and therefore admissible.

Defendant was asked on his direct examination: "Mr. Douglass has testified that in July, 1885, you requested him to write up the accounts of this estate for you. Is that true?" and under objection by plaintiff's counsel this question was excluded as leading. We do not concur in the ruling of the trial justice in this respect, since the question does not apparently involve any suggestion of either an affirmative or negative answer; but the subsequent examination at length of the witness concerning the subject-matter of the question effectually waived the error of its exclusion. *Neil* v. *Thorn*, 88 N. Y. 277; *Crosby* v. *Day*, 81 N. Y. 242.

Edwards, a witness for the defense, was asked on direct examination to state why he had not made use of the accounts prepared by the plaintiff in the preparation of those subsequently presented by the witness to the surrogate's court. This question, also, was excluded upon plaintiff's objection. It is urged that this exclusion was error, because the witness' answer may have tended to show that the accounts prepared by plaintiff were not as directed by defendant, and that they were worthless, and that these facts materially affect the question of performance by the plaintiff, and the value of the services rendered. It was competent for defendant to show these facts; but the form of the question did not require a statement of them, but of the witness' conclusion and opinion, and was objectionable upon that ground.

Defendant's counsel requested the court to charge "that a trustee has no power to employ an accountant at the expense of the estate for which he acts, and that the defendant in this case, if held liable for the claim of Mr. Douglass, has no recourse, as a matter of law, against the estate of Dr. Reed." This was charged, with the following qualification: "That a trustee cannot bind the fund of which he is trustee by the employment of a third person. If he employs a person, he is individually liable for such employment. But, of course, when he presents his accounts for settlement, either to the court or to the surrogate, he has a right to offer such item as a proper disbursement; and it is for the court to say whether or not it is a proper disbursement." To the refusal to charge as requested, and the charge as made, defendant's counsel excepted. In view of the fact, however, that the claim in suit was founded upon the personal contract of the defendant, and no recovery was sought or could have been had against him as executor, or against the estate of which he was executor or trustee, the charge requested and as made does not appear relevant, since the defendant's liability to pay for services rendered at his request is not in any degree impaired because he has no means of recourse for the expense incurred. As an abstract proposition of law the charge as made was correct, (2 Redf. Surr. p. 456, and cases there cited;) and its irrelevancy cannot aid the party at whose request it was made.

The remaining grounds urged for affirmance of the order of the general term of the court below, reversing the judgment, namely, that the verdict is contrary to the evidence, that the amount thereof is excessive, and that there was no adequate or satisfactory proof as to the time spent by plaintiff in the performance of the services for which he sought to recover, authorizes us to review the evidence only to the extent of ascertaining whether there was any evidence whatever to support a finding in plaintiff's favor; and, upon examination, we must conclude that there was. Plaintiff testified that the services were performed and the accounts prepared at the request of, and at the direction of, the defendant, and pursuant to his instructions. These facts implied a promise by defendant to pay the reasonable value of the services. The accounts prepared by plaintiff were given in evidence, and presented to the court and jury for inspection; and whether or not they were as defendant directed them to be, was a fact capable of being ascertained therefrom. Plaintiff and the witness Bergtheil, both expert accountants, testified that the usual compensation for services of expert accountants is from $20 to $25 for each day, consisting of from 6 to 8 hours' work. Plaintiff claimed to have spent 75 days in the preparation of the accounts. His testimony in this respect, it is true, was vague, but it was aided by the presence of the accounts; and it was competent for the jury to say from their inspection whether 75 days of from 6 to 8 hours each was reasonably required in their preparation, and the preliminary examination of books, memoranda, and other material, and attendance at interviews and consultations requested by the defendant, or otherwise necessary.

The foregoing comprise all of the exceptions urged by the defendant to sustain the order appealed from, and, for the reasons stated, are insufficient.

The order of the general term of the court below reversing the judgment for plaintiff entered upon the verdict in his favor, and granting a new trial, should be reversed, and the judgment affirmed, with costs to the appellant.