(4 Misc. Rep. 185.)

## MYERS v. COHN.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. GUARDIAN AND WARD—PERSONAL LIABILITY OF GUARDIAN.

A guardian who employs an agent to purchase property for the estate of his wards, and agrees to pay commissions therefor, is personally liable for the commissions.

2. APPEAL FROM CITY COURT—REVIEW BY COMMON PLEAS.

On an appeal from the general term of the city court of New York the court of common pleas will not review an order denying a motion for a new trial.

3. SAME—HARMLESS ERROR.

An error in refusing to dismiss a complaint on plaintiff's evidence is cured by the subsequent introduction of testimony supplying the defect in such evidence.

Appeal from city court, general term.

Action by Morris A. Myers against Annie Cohn for commissions on purchase of real estate. Judgment was rendered for plaintiff at a trial term of the city court, and affirmed by the general term of such court, and defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Charles Meyers, (Richard M. Henry, of counsel,) for appellant.

Max Moses, (Edw. W. S. Johnston, of counsel,) for respondent.

BISCHOFF, J. Though in the purchase of the real property conveyed to her, as well as in the employment of plaintiff's assignor, as broker, to effect the purchase, defendant may have acted as the guardian of her infant children, she was none the less personally liable for the broker's commissions. Douglass v. Leonard, (Com. Pl. N. Y.; filed February 1, 1892,) 17 N. Y. Supp. 591. See, also, interesting note appended to Johnson v. Leman, (Ill. Sup., 23 N. E. Rep. 435,) 19 Amer. St. Rep. 67.

An exception taken to the denial of a motion for a new trial is not available on appeal from the city court of New York to this court. Grier v. Hazard, Hazard & Co., (Com. Pl. N. Y.) 14 N. Y. Supp. 784; Carroll v. O'Shea, (Com. Pl. N. Y.) 21 N. Y. Supp. 956. We must assume that there was sufficient evidence of every fact essential to plaintiff's recovery, because the record does not disclose a motion for dismissal of the complaint, or that a verdict be directed for defendant, when both parties rested, and an exception to the denial of either of such motions, (Barrett v. Railroad Co.,

45 N. Y. 628; Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. Rep. 952; and we are precluded by the judgment of affirmance of the court below from any consideration of the weight of the evidence, (Arnstein v. Haulenbeek, [Com. Pl. N. Y.] 11 N. Y. Supp. 701; Smith v. Pryor, [Com. Pl. N. Y.] 9 N. Y. Supp. 636; Rowe v. Comley, 11 Daly, 318.) The motion made for dismissal of the complaint when the introduction of direct evidence for plaintiff was closed, and the exception taken to its denial, are not available for the assignment of error, because any defect in the proof then remaining was cured by evidence subsequently adduced by either party. Road Co. v. Thatcher, 11 N. Y. 102; Tiffany v. St. John, 65 N. Y. 314, 317; Painton v. Railroad Co., 83 N. Y. 7.

Three exceptions appear to the admission of evidence of conversations with one Wittekowski in defendant's absence. The facts in evidence, however, support an inference of Wittekowski's authority from defendant to employ plaintiff's assignor, and conversations with him concerning the subject-matter of the latter's employment were both relevant and material. Another exception was taken to the admission in evidence of the deed of the premises to defendant. The deed was relevant and material to the fact of defendant's purchase, and so properly admitted. Defendant's witness Moeran was asked on his direct examination, "Do you know why this expression was put in the contract, 'Brokerage, if any?'" This called for the witness' conclusion, not for the facts, and the objection to the question was, upon that ground, properly sustained. The contract executed by defendant for the purchase of the premises subsequently conveyed to her contained the following: "Brokerage, if any, to be paid by the party of the second part, (defendant,)" and defendant's witness Meyers was asked on his direct examination: "Tell us what occurred in reference to putting in that contract those words, 'Brokerage, if any.'" We fail to see the materiality of this question, or the testimony it sought to elicit. The contract spoken of was by defendant with a person other than plaintiff's assignor, and why they inserted the provision concerning the brokerage could not affect the question whether or not plaintiff's assignor was employed by defendant, which was the question at issue. If the conversations of the persons present at the time of the execution of the contract were material to the question at issue on the trial it was incumbent upon defendant's counsel to apprise the trial court of the grounds of the materiality. Trustees, etc., First Baptist Church v. Brooklyn Fire Ins. Co., 23 How. Pr. 448. This was not done. Two further exceptions remain, but, as no ground was assigned for the objection to the evidence in either case, they are ineffectual for any purpose. Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. Rep. 457.

Judgment affirmed, with costs. All concur.