(8 Misc. Rep. 291.)

### GUNDLIN v. HAMBURG–AMERICAN PACKET CO.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

1. TRIAL—MOTION TO STRIKE OUT EVIDENCE.
Where an answer is in part not responsive to the question, a motion to strike out must be limited to such part.

2. APPEAL—EVIDENCE—DECISION OF GENERAL TERM OF CITY COURT.
A judgment of affirmance by the general term of the city court is conclusive on the court of common pleas respecting the weight of evidence.

3. SAME—FAILURE TO ASK DIRECTION OF VERDICT.
Failure of a party to request the direction of a verdict in his favor is a concession that there is a sufficient conflict of evidence to require submission of the case to the jury.

4. SAME—GENERAL OBJECTION TO CHARGE.
A general objection to a charge which is objectionable in some respects, but not in all, does not present any question for review.

5. CORPORATIONS—JURISDICTION—WAIVER OF OBJECTION.
An action against a foreign corporation will not be dismissed on the ground that plaintiff is a nonresident (Code Civ. Proc. § 1780) unless the fact of nonresidence is first proved and determined.

6. JUDGMENT—RES JUDICATA.
A general verdict, and judgment thereon, on an issue in abatement, joined with an issue in bar, bars a subsequent litigation on the merits between the same parties of the issue in bar.

Appeal from city court, general term.

Action by Abey Gundlin against Hamburg-American Packet Company for loss of baggage. Defendant was conceded to be a foreign corporation, and plaintiff claimed to be a resident of the state of New York, at the time of the commencement of the action. From a judgment of the city court (26 N. Y. Supp. 73) affirming a judgment entered on a verdict in favor of defendant, and an order denying a motion for a new trial on the minutes, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Abraham H. Sarasohn, for appellant.
Everett P. Wheeler, for respondent.

BISCHOFF, J. No error appears from the record by due exception for which we may reverse the judgment on the merits. Several exceptions appear to rulings on the admission of evidence for defendant. The first was taken to the denial of a motion by plaintiff's counsel to strike out the witness' answer to a question not objected to. It was within the discretion of the court to deny the motion (Platner v. Platner, 78 N. Y. 90), and, assuming that the answer was in part irresponsive to the question, the motion to strike out should have been limited to that part (McCabe v. Brayton, 38 N. Y. 196; People v. Beach, 87 N. Y. 508, 512; Tuomey v. O'Reilly, 3 Misc. Rep. 302, 306, 22 N. Y. Supp. 930). In the case of the remaining exception the ground of objection was not stated. Cruikshank v. Gordon, 118 N. Y. 178, 23 N. E. 457; Stouter v. Railway Co., 127 N. Y. 661, 27 N. E. 805. The judgment of affirmance of the court below is conclusive upon us respecting the weight of the evidence. Arnstein v. Haulenbeek (Com. Pl. N. Y.) 11 N. Y. Supp. 701; Smith v. Pryor

(Com. Pl. N. Y.) 9 N. Y. Supp. 636; Rowe v. Comley, 11 Daly, 318. Plaintiff must be deemed to have conceded that there was a sufficient conflict of evidence to require the jury's determination of the facts, because he did not ask to have a verdict directed in his favor (Barrett v. Railroad Co., 45 N. Y. 628; Paige v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. Supp. 879; Myers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996); and, without an exception to the denial of such a request, it is not within our province to inquire whether there was sufficient evidence to sustain the verdict, or whether the verdict was without, or contrary to, the evidence (Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952; Smith v. Pryor [Com. Pl. N. Y.] 9 N. Y. Supp. 636). On appeal to this court from the city court of New York, an order denying a motion for a new trial brings up for review such questions of law only as are presented by due exception taken upon the trial (Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952); and an exception to the denial of a motion to set the verdict aside, and for a new trial, is not one taken upon, but after, the trial (Code Civ. Proc. §§ 992, 995, 996). Such an exception cannot therefore avail on appeal. Matthews v. Meyberg, 63 N. Y. 656; Boos v. Insurance Co., 64 N. Y. 236; Grier v. Hazard (Com. Pl. N. Y.) 14 N. Y. Supp. 784; Carroll v. O'Shea, 2 Misc. Rep. 437, 21 N. Y. Supp. 956; Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996. One other exception remains to the charge, which we proceed to notice specially.

The action was brought to recover damages for the loss of baggage belonging to a passenger, which defendant, a foreign corporation, was alleged to have received on board its steamship Polynesia for transportation from Stettin, Germany, and which it failed to deliver on arrival of the steamship at its place of destination in this country. On the trial it was contended, on defendant's behalf, that plaintiff was not, when the action was commenced, a resident of the state of New York, and the fact appeared by fair inference from plaintiff's deposition, taken under a commission. Counsel for defendant therefore urged that the court was without jurisdiction to determine the rights of the litigants. Plaintiff's counsel thereupon, as a witness in his client's behalf, testified to the fact of the latter's residence in the city of New York at the time of the commencement of the action. On the question of plaintiff's nonresidence, as well as that the baggage was lost through defendant's neglect, there ensued a conflict of evidence, and, upon the submission of the case, the trial justice charged the jury as follows: "It is for you to determine whether the plaintiff in this action was a nonresident of this city when this action was commenced (February 15, 1892), as it seems to be. If you find he was not such a resident, your verdict will be for defendant. Should you conclude he was a resident, your verdict will be in favor of the plaintiff, and that will bring you to the other disputed questions of fact in the case." To this charge plaintiff's counsel excepted generally, to wit, to all that part of the charge relating to plaintiff's evidence. The vice of the exception is apparent. It is incumbent upon counsel for the excepting party to point out the specific part of the charge to which he intends to object, so that the error, if any, may be obviated. If,

therefore, a charge, excepted to generally, is objectionable in some respects, but unobjectionable in others, the exception does not present error. Stone v. Transportation Co., 38 N. Y. 240; Jones v. Osgood, 6 N. Y. 233; Caldwell v. Murphy, 11 N. Y. 416; Walsh v. Kelly, 40 N. Y. 556; Groat v. Gile, 51 N. Y. 431, 442; Hunt v. Maybee, 7 N. Y. 266; Haggart v. Morgan, 5 N. Y. 422; Oldfield v. Railroad Co., 14 N. Y. 310, 315; McGinley v. Insurance Co., 77 N. Y. 495. Upon the conflict of evidence it was the province of the jury to determine whether or not plaintiff was a nonresident at the time of the commencement of the action; and having determined that plaintiff was not a nonresident, and that the loss of his baggage was occasioned through defendant's fault, it was the jury's duty to return a verdict for plaintiff. In these two last-mentioned respects, therefore, the charge of the trial justice was not justly open to adverse criticism. Hence, for the reason already stated, the exception taken is not available to show that the justice erred, because the charge in effect determined that the cause of action did not arise within this state, as plaintiff's counsel now contend it did. In this connection it may not be amiss to call counsel's attention to a grievous error on his part. We observe that he refers to Exhibit A, which is in the German language and attached to plaintiff's deposition, and of which there appears no translation in the record, as the passage contract between plaintiff and defendant, by the terms of which, it is claimed, defendant undertook to convey plaintiff, and to transport his baggage, from Stettin to New York. This instrument, however, does not purport to have been made on defendant's behalf, and on its face appears to be no more than a contract by one R. Munger with plaintiff, wherein the former is described to be an emigrant forwarding agent, accredited as such by the local authorities at Stettin, and whereby he undertook to secure plaintiff's conveyance, and the transportation of the latter's baggage, from Stettin to New York by the steamship Polynesia. Munger's relation to defendant is nowhere defined in the instrument, neither does the record elsewhere inform us in that respect. For aught which appears, the contract involves only a personal enterprise on Munger's part. No contract on plaintiff's part with defendant appears to have been made in this state, and the fact that plaintiff embarked upon defendant's steamship at Stettin will, at most, sustain an inference that defendant's contract with plaintiff for conveyance to this country was made at Stettin. From unchallenged evidence, it appears that the destination of the steamship was Hoboken, N. J., and from that fact we can only infer that the place of destination was the place intended for delivery of the baggage which defendant had assumed to transport. In the abstract, we agree with plaintiff's counsel that a contract is broken by failure to perform it at the place where, by its terms, the contract was to be performed, and that the cause of action arises when and where the breach occurs. Perry v. Transfer Co. (Com. Pl. N. Y.) 19 N. Y. Supp. 239, 28 Abb. N. C. 430, and note; Bank v. Lacombe, 84 N. Y. 367; Burckle v. Eckhart, 3 N. Y. 132; Toronto Gen. Trust Co. v. Chicago, B. & Q. R. Co., 32 Hun, 190; President, etc., of Bank of Commerce v. Rutland &

W. R. Co., 10 How. Pr. 1; Pom. Rem. & Rem. Rights, §§ 452, 454, 518, 520. Upon the evidence, however, these propositions lead to the conclusion that the cause of action sued upon arose in New Jersey.

Counsel for appellant, however, further assails the judgment appealed from upon the ground that in so far as the charge directed the jury to find for the defendant, if they believed plaintiff to have been a nonresident at the time of the commencement of the action, it involved an assumption of excessive jurisdiction on the part of the trial court, because it was incumbent upon the court, when the fact of plaintiff's nonresidence was ascertained, to decline to adjudge the rights of the litigants, and to dismiss the action; and that therefore the verdict for defendant, as well as the judgment rendered thereon, are coram non judice and void. It is conceded that the verdict and judgment would have the effect claimed if the fact of plaintiff's nonresidence appeared affirmatively from the record. Section 1780 of the Code of Civil Procedure inhibits the courts of this state from maintaining an action by a nonresident or foreign corporation against a foreign corporation, except when the action is brought to recover damages for the breach of a contract made within this state, or relates to property within this state when the contract was made, or is to recover real property or a chattel within this state, or the cause of action arose therein. These inhibitory provisions operate to limit the jurisdiction of the courts with respect to the subject-matter of the litigation, and when, therefore, in an action against a foreign corporation the status of the plaintiff as a foreign corporation or nonresident is conceded or otherwise ascertained, and the case does not present one of the exceptions above mentioned, the courts of this state cannot proceed to adjudge the rights of the litigants, but must dismiss the action. Perry v. Transfer Co. (Com. Pl. N. Y.) 19 N. Y. Supp. 239; Robinson v. Navigation Co., 112 N. Y. 315, 19 N. E. 625; Davidsburgh v. Insurance Co., 90 N. Y. 526. As jurisdiction of the subject-matter cannot be conferred by consent of the litigants, so it cannot be conferred by their omission to object to the exercise of jurisdiction; nor are the parties estopped from disputing the validity of the judgment for want of jurisdiction of the subject-matter of the action at any time. Wilmore v. Flack, 96 N. Y. 512, 519; McMahon v. Rauhr, 47 N. Y. 67. No exception is required, and the objection that the judgment was in excess of the power of the court to render it is available on appeal, though made for the first time. Cook v. Whipple, 55 N. Y. 150, 157; Fiester v. Shepard, 92 N. Y. 251; In re Larson, 96 N. Y. 381. Every intendment, however, is in favor of the validity of a judgment, if regular on its face, and the burden of establishing a want of jurisdiction is upon him who asserts it (Ferguson v. Crawford, 86 N. Y. 610); and, if the court which rendered the judgment had jurisdiction generally of actions involving a like subject-matter, the presumption is that it had jurisdiction in the particular case, unless the facts which limit the exercise of jurisdiction in prescribed cases affirmatively appear. "If the petitioner

states such a case in his petition that, on demurrer, the court would render judgment in his favor, it is an undoubted case of jurisdiction." U. S. v. Arredondo, 6 Pet. 709; Galpin v. Page, 18 Wall. 350; Davis v. Packard, 6 Wend. 327, 332; People v. Liscomb, 60 N. Y. 559. The case at bar is to be distinguished from cases where the existence of certain facts must appear to sustain jurisdiction. Fischer v. Langbein, 103 N. Y. 84, 8 N. E. 251. Here the existence of a certain fact—nonresidence of the plaintiff—is required to oust the court of jurisdiction. The existence of such a fact will not be presumed. To authorize a dismissal of the action, therefore, under the provisions of section 1780 of the Code of Civil Procedure, for want of jurisdiction because of the nonresidence of the plaintiff, the fact of his nonresidence must be first proved and determined. Leslie v. Lorillard, 18 Wkly. Dig. 288; Gurney v. Railway Co. (Sup.) 13 N. Y. Supp. 645. No such determination was had in the case under consideration. How, then, may we say that the court below was without jurisdiction because plaintiff was a nonresident of this state when the action was commenced? It is the province of the trial court, not of the appellate court, to determine the facts upon a conflict of evidence (Purchase v. Matteson, 25 N. Y. 211; Whitehead v. Kennedy, 69 N. Y. 462; Cuff v. Dorland, 57 N. Y. 560; Riley v. Black, 1 Misc. Rep. 292, 20 N. Y. Supp. 695; Coe v. Raymond, 89 N. Y. 612); and, if jurisdiction be dependent upon the existence or nonexistence of certain facts, the trial court has power to determine the facts upon the evidence (Roderigas v. Institution, 63 N. Y. 460, 464). Upon a jury trial, unless the contrary appears, it must be assumed that the jury found all the essential facts of which there was sufficient evidence consistently with the verdict. Sutter v. Vanderveer, 122 N. Y. 652, 25 N. E. 907. Thus, upon the issue respecting the fact of plaintiff's nonresidence, the record presents an affirmative finding to the effect that plaintiff was not a nonresident, and thereby the jurisdiction of the trial court to render judgment on the merits for defendant is sustained.

We do not fail to notice the criticism that the manner in which the issues were submitted to the jury, and the determination of those issues by a general verdict, renders it impossible to say that the jury did not find for defendant because of the fact of plaintiff's nonresidence at the time of the commencement of the action, and that the verdict for defendant, and judgment in its favor thereon, if permitted to stand, may operate to preclude plaintiff from again seeking redress for the same cause of action in the proper forum. Counsel's apprehensions concerning the conclusiveness of the verdict and judgment are well grounded. A general verdict, and judgment thereon, upon an issue in abatement, joined with an issue in bar, estops the party against whom the verdict was found, and the judgment was rendered, from again litigating the merits of the same issue in bar. Sheldon v. Edwards, 35 N. Y. 279. At common law, issues in abatement were required to be tried and determined before the trial of issues in bar. Under the Code of Civil Procedure, however, defenses in abatement may be joined with defenses in bar, and both must be determined together at one and the same trial.

Pom. Rem. & Rem. Rights, § 721. If counsel desired to avoid the effect of a general verdict for defendant upon plaintiff's rights, he should have asked the trial court to direct a special finding by the jury on the issue respecting the fact of plaintiff's nonresidence. If such a direction had been refused, an exception thereto would have presented error which it would have been our province to correct. If it had been granted, and the jury had found for defendant on the issue in abatement, the court would have been enabled to render the proper judgment for dismissal of the action for want of jurisdiction, and thus plaintiff would not have been precluded from again litigating the merits of his cause of action. Sweet v. Tuttle, 14 N. Y. 465; Gardner v. Clark, 21 N. Y. 399; Coe v. Raymond, 89 N. Y. 612; Pom. Rem. & Rem. Rights, § 721. As the record is presented to us, we must, as already stated, assume that the jury found for defendant on the merits, and for plaintiff that he was a resident, as he contended. The judgment of the general and trial terms of the court below must be affirmed, with costs.