(8 Misc. Rep. 269.)

### DEARING v. PEARSON.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

1. APPEAL—FAILURE TO MOVE TO DISMISS COMPLAINT.
   Failure of defendant to move to dismiss the complaint, or to ask a direction in his favor, is a concession that the evidence is sufficient to warrant the submission of the case to the jury.

2. PAROL EVIDENCE—VOLUNTARY DESTRUCTION OF WRITING.
   Parol evidence is admissible to prove the contents of a writing, though it was voluntarily destroyed by the party, unless it was destroyed willfully, and with a corrupt design.

Appeal from city court, general term.

Action by Nina H. Dearing against Aylma Y. Pearson. From a judgment of the city court (26 N. Y. Supp. 74) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Artemas B. Smith, for appellant.
David Leventritt, for respondent.

BISCHOFF, J. The judgment of affirmance of the court below is conclusive upon us as to the weight of the evidence. Rowe v. Comley, 11 Daly, 318; Smith v. Pryor (Com. Pl. N. Y.) 9 N. Y. Supp.

636; Arnstein v. Haulenbeek (Com. Pl. N. Y.) 11 N. Y. Supp. 701;. Paige v. Chedsey, 4 Misc. Rep. 183, 23 N. Y. Supp. 879; Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996. Defendant's omission to move the dismissal of the complaint, or that a verdict be directed in his favor, was a concession that the evidence was sufficient to warrant its submission to the jury. Barrett v. Third Ave. R. Co., 45 N. Y. 628. And, without an exception to the denial of either of such motions, the contrary may not be urged on this appeal. Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952; Smith v. Pryor (Com. Pl. N. Y.) 9 N. Y. Supp. 636. The exception taken to the denial of defendant's motion to set aside the verdict, and for a new trial, is. not one which was taken upon, but after, the trial (Code Civ. Proc. §§ 992, 995), and is therefore not reviewable on appeal (Id. § 996;. Matthews v. Meyberg, 63 N. Y. 656; Boos v. Insurance Co., 64 N. Y. 236; Grier v. Hazard, Hazard & Co. [Com. Pl. N. Y. ] 14 N. Y. Supp. 784; Carroll v. O'Shea, 2 Misc. Rep. 437, 21 N. Y. Supp. 956; Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996). There remain to be noticed only the exceptions which were taken to the trial justice's. rulings on the admission and exclusion of evidence, and to his refusals to charge.

The first exception was taken to the admission of plaintiff's testimony concerning the contents of a letter received by her from the defendant. This letter had a material bearing upon the issues. litigated, because it tended to corroborate plaintiff's claim that her engagement was for the "season." Plaintiff testified that she was. unable to produce the letter, because she had destroyed it; and defendant objected to the admission of parol evidence of its contents. on the ground that the evidence was incompetent, because it conceded that the destruction of the letter was the result of plaintiff's voluntary and deliberate act. A due consideration, however, of all the circumstances which appeared from plaintiff's testimony to have attended the destruction of the letter disclosed that, though the destruction was voluntary and intentional, it was, notwithstanding,. within the province of the trial justice to admit the testimony objected to. Every one is chargeable with knowledge that the law requires of him the production of the best evidence, which, in the case of a writing, is the instrument itself. If he, therefore, deliberately destroys the written instrument, and attempts to supply it by parol evidence, which is of inferior degree, it is, in the absence of proof that the written instrument was destroyed by accident, surprise, or mistake, a conclusive presumption that it was in furtherance of a corrupt design thus to secure some unfair advantage over his adversary. Under such circumstances, parol evidence of the contents of a written instrument cannot be received. It is, however,. at all times, proper to inquire into the motives which prompted the destruction of the written instrument; and if, from the evidence adduced, the motives appear to have been innocent of corrupt design, and the party seeking to avail himself of parol evidence of the contents of a written instrument destroyed by him did not at the time of such destruction appreciate the importance of the instrument, or was under some erroneous impression concerning its effect,. under circumstances which dispel suspicions of corrupt intent or de-

sign, then parol evidence of the contents is not only competent, but it is error to exclude it. Steele v. Lord, 70 N. Y. 280; Bagley v. McMickle, 9 Cal. 430, 446. Whether or not the destruction of the instrument was prompted by motives innocent of corrupt intent or design is a preliminary question of fact, which must be determined by the trial justice before parol evidence of the contents of the instrument is receivable. Steele v. Lord, supra. And with his determination upon conflicting evidence, or upon conflicting inferences from the evidence, the appellate court will not interfere. It is the province of the appellate court to reverse the trial justice's determination only when there is no evidence whatever, or no sufficient evidence, to support the latter's determination of the facts. Berg v. Carroll (Com. Pl. N. Y.) 16 N. Y. Supp. 175; Jackson v. Frier, 16 Johns. 193; Graham v. Chrystal, 2 Abb. Dec. 264; Nicholson v. Conner, 8 Daly, 215; Sheridan v. Mayor, 68 N. Y. 30; Gildersleeve v. Landon, 73 N. Y. 609. In the case at bar, it appeared from plaintiff's testimony that the letter was destroyed, with a lot of others, deemed of no particular importance, and preserved in plaintiff's place of temporary abode, on the ·eve of her departure for Montreal, in defendant's employ, and at a time when no controversy had arisen concerning the terms of her employment, or could reasonably have been apprehended, the employment having just begun. We are of the opinion that upon this evidence the trial justice cannot be said to have erred in his ·conclusion that the destruction of the letter was consistent with honest motives, and done under a misapprehension concerning the importance of its preservation for future ·use.

The trial justice properly excluded the following question by defendant's counsel on plaintiff's cross-examination: "But, as I understand, you were acting out this two weeks' notice, which it is the custom to give in such cases, were you not?" No evidence had been adduced at the time that there was any custom in the theatrical profession, pursuant to which contracts entered into between artists and managers were terminable by either upon two weeks' notice to the other. Neither had defendant pleaded any rescission of the contract as a defense to the action. On the contrary the answer explicitly admitted that plaintiff was discharged,—an admission which was plainly inconsistent with a rescission of the contract in furtherance of its ·provisions. The issues tendered by the pleadings, inclusive of the amendment of the answer which was allowed ·on the trial, limited the inquiries to the terms of the contract of employment and whether or not plaintiff was rightfully discharged. Assuming, therefore, that pursuant to the provisions of the contract, ·or by custom, defendant had the right to rescind or terminate the contract, upon notice to plaintiff, it was notwithstanding incompetent to him, in the absence of the exercise of that right pleaded as a defense, to avail himself thereof, either to defeat plaintiff's recovery altogether, or to affect the measure of her recovery. This precise question was lately determined by this court in Watson v. Russell (opinion filed April 2, 1894) 28 N. Y. Supp. 26; and it is unnecessary, therefore, to further discuss it here. Upon the grounds

stated in the opinion in the case last referred to, the evidence here sought to be elicited—that the contract was rescinded—was plainly irrelevant. What has been said also renders it futile to inquire whether or not defendant should not be deemed to have abandoned the exception which was taken by him to the exclusion of the question last above referred to, because his counsel refused to avail himself of plaintiff's offer, pending her cross-examination, to answer the question without objection. However, it may be said that since it does not appear that defendant was, in any sense, prejudiced by the temporary exclusion of the question, and that he would not have derived the same advantage from the subsequent admission of the evidence excluded, his refusal to avail himself of the opportunity accorded to correct it should estop him from thereafter asserting the error, if any. The institution of judicial trial is designed to accord to the litigants those rights to which they shall, by proper evidence adduced by them, show themselves entitled. If, therefore, a party refuses to adduce evidence deemed by him to be material, when the opportunity is accorded him, he should not thereafter be heard to complain if it is not considered. The office of an exception is to point out wherein the excepting party claims to have been prejudiced by the ruling of the trial court, but it is the function of the appellate court only to correct such errors as have, or may have, prejudiced him. "Interest reipublicae ut sit finis litium." And it is inconceivable how prejudice can result from a ruling which is immediately after offered to be corrected, if the excepting party will consent, and before he has been induced to waive any advantage which he would have secured from a ruling in his favor. Furst v. Railroad Co., 72 N. Y. 542, 546, relied on by appellant's counsel, is not at variance with the views above expressed. There the error consisted of the admission of improper evidence by which the jury might have been influenced, and it was held that, because the trial court omitted to instruct the jury to disregard the evidence admitted, the error of its admission was not obviated by a direction that it be stricken out on motion of the party by whom it was introduced. Apropos of such cases, the court of appeals has very lately observed that if the trial court erroneously receives objectionable and damaging evidence, which it subsequently strikes out, and directs the jury to disregard, it is uniformly held that "the vice is eliminated, and that theoretically, at least, the erroneous evidence found no lodgment in the minds of the jury." Chesebrough v. Conover, 140 N. Y. 382, 389, 35 N. E. 633. As abundant, at least, are the reasons for regarding as harmless the erroneous exclusion of proffered evidence, when opportunity for its admission is thereafter accorded, which is refused, and it does not appear that the excepting party has incurred even the possibility of disadvantage from the ruling excepted to. See Flanagan v. Mitchell (Com. Pl. N. Y.) 10 N. Y. Supp. 234.

Accompanying this appeal, there was a further appeal from an order of the general term of the court below which affirmed an order of the trial justice denying appellant's motion for disallowance of respondent's amendment on the settlement of the case on appeal from the judgment. The case, as settled and certified to us, con-

tains a request by defendant's counsel to charge as follows: "I ask the court to charge that, if the jury believe the custom as to two weeks' notice existed, they must give only salary for the two days short of two weeks." This the court declined to charge. Then it appears from the case that the court proceeded to charge that, "in that event, that would be the extent and limit of the damages recoverable by her in this action." Here follows an exception by defendant's counsel. Defendant's objection to the case, as settled, was to the insertion of the matter purporting to have been charged. By oral stipulation of counsel, in open court, at the time of the argument, however, we are authorized, on this appeal, to consider the matter objected to as eliminated from the case, so that the appellant's exception shall appear to have been taken to the refusal to charge as requested. With the case so amended, the exception is nevertheless wholly without merit. The request involved a proposition which was not only irrelevant, but also inconsistent with the defense. It was admitted by the answer that plaintiff was discharged from defendant's employ, and on the trial defendant sought to justify the discharge on the ground of incompetency. No rescission of the contract of employment by notice, whether the right to do so arose from custom or agreement, was pleaded as a defense. Hence, as herein already stated, the right to rescind was not available to defendant for any purpose.

It appeared in evidence that subsequent to her discharge, in November, 1892, plaintiff visited her sister, at Savannah, Ga., and there remained until April, 1893. Her contract of employment with defendant was entered into in the city of New York. Upon these facts, defendant's counsel requested the court to charge the jury, as propositions of law, that defendant had a right to recall plaintiff's discharge; to insist upon a reinstatement of the contract of employment; that plaintiff was bound to remain in the city of New York, to await the recall of her discharge; and that she was not entitled to recover for the period of her absence from the city of New York. It is apparent that these several propositions were predicated of Polk v. Daly, 4 Daly, 411, and like cases, in all of which the plaintiff was held entitled to recover wages upon the theory of constructive service, consistent with which it was incumbent upon the servant to show his readiness to comply with his master's orders respecting the employment; a theory, however, which the case of Howard v. Daly, 61 N. Y. 362, has authoritatively settled not to be the law of this state. But, though we assume the views of appellant's counsel respecting the law to be correct, the propositions included in the requests refused are irrelevant to the facts of the case at bar, for the defendant has, by his answer, admitted that he discharged the plaintiff from his employ, and that since the discharge he has refused to allow her to continue in his employ. If it be contended that the several requests were intended only to affect the measure of plaintiff's recovery, the propositions which they imply were equally fallacious. Plaintiff's damages were, prima facie, the amount remaining unearned under the contract of employment at the time of the discharge. Howard v. Daly, supra.

It was incumbent upon defendant to show that, with reasonable diligence on her part, plaintiff could have found employment of the same kind, and thus have reduced the damages otherwise recoverable of him. Id. That she could have done so will not be assumed. 2 Suth. Dam. § 693. After the termination of the contract by defendant's breach, it could not be reinstated, and plaintiff deprived of her cause of action, except by mutual consent. Defendant had a locus poenitentia, but only to the extent of enabling him to reduce plaintiff's damages by providing her with employment of the same kind (Bigelow v. Manufacturing Co., 39 Hun, 599; Levin v. Fashion Co. [Com. Pl. N. Y.] 11 N. Y. Supp. 706), which plaintiff would have been bound to accept, unless, in the mean time, she had entered upon another's employment, or her refusal to re-enter defendant's employment was justifiable upon substantial grounds, under pain of suffering a diminution of her recovery to the extent of the earnings which she would have received from the employment offered her. It nowhere appears in evidence that defendant did offer to provide plaintiff with employment subsequent to her discharge, or that he desired to do so, and defendant's admission by answer irrefragably precludes the claim that he did or might have done so. Manifestly, therefore, plaintiff's absence from the place of original employment, without evidence tending to show that defendant was thereby deprived of the opportunity of reducing the damages for which his breach of contract had rendered him liable, could not have had the effect which the requests to charge implied. The judgment should be affirmed, with costs.