(27 Misc. Rep. 521.)

. SALVINSKY et al. v. LEVIN.

(Supreme Court, Appellate Term. May 24, 1899.)

1. BUILDING CONTRACT—BREACH—EVIDENCE.

On an issue whether repairs on a building had been made according to contract, evidence that the parties agreed that they should be made in conformity with a certain set of plans, and that they had not been so made, is admissible.

2. TRIAL—OBJECTIONS—WAIVER.

Defendant having pleaded a breach of the contract sued on, an announcement by the court, after excluding evidence material on that issue, that defendant would be permitted to show the contract and its nonperformance, did not deprive defendant of the benefit of his exception to the exclusion of such evidence, where the court, after making such announcement, excluded other evidence to the same effect.

Appeal from city court of New York, general term.

Action by Solomon Salvinsky and another against Marks Levin. From a judgment of the general term affirming a judgment for plaintiffs (55 N. Y. Supp. 1148), defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry M. Levin, for appellant.
Abraham Levy, for respondents.

LEVENTRITT, J. Under a written agreement the plaintiffs deposited with the defendant the sum of $500, "as security for the completion of the work to be done on premises 195 Allen St." The defendant challenged the plaintiffs' right to a return of the deposit on the ground that the work had not been performed according to the understanding between them. On the trial the defendant sought to show that the work was to be performed in accordance with certain submitted and approved plans. To that end, defendant's counsel propounded to him this question, "Were there any plans submitted to you for these alterations?" The answer was excluded, and an exception duly taken. Other evidence tending in the same direction was similarly excluded. With a like purpose in view, the defendant called an architect who had prepared preliminary plans for the proposed improvements; but a similar ruling precluded an answer to the question whether a certain sketch had been submitted to defendant as a sketch of the work to be done. This testimony, admissible under the pleadings, was the only reliable foundation to support the defense of nonperformance, and was both material and competent. It cannot be argued that the several announcements of the court to the effect that the defendant would be permitted to show the contract made between the parties, and that the work was not done according to it, impaired the force of any of the defendant's exceptions, because his repeated attempts to introduce the excluded testimony were frustrated by like adverse rulings. The court seemed to recognize that the proffered evidence was within the purview of the announcement, and yet excluded it. While it is true that the erroneous exclusion of evidence will be disregarded on appeal, when opportunity for its admission has been accorded, and it does not appear that in the meantime any

disadvantage resulted to the excepting party from the ruling (Dearing v. Pearson, 8 Misc. Rep. 269, 28 N. Y. Supp. 715), yet an exception will not be deemed abandoned where the attempt of the excepting party to avail himself of the opportunity has been set at naught by the continued adverse ruling of the court. Such an opportunity is one in name only, not one in fact. These errors require a reversal of the judgment.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.