## AMERICAN BANK-NOTE COMPANY, RESPONDENT, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY AND ANOTHER, APPELLANTS.

*Elevated railways of New York city — no recovery against, in a real estate action, for damages to personal property — improper testimony — a former recovery against one of two defendants.*

In an action against the Metropolitan Elevated Railway Company of the city of New York and its lessee, to enjoin them from the further operation of their road unless they paid for easements in the street taken by them to the damage of the owner of the fee, a bank-note company, in which it appeared that the latter company needed for its business good light and air and freedom from dust, the bank-note company was allowed to recover for damages to its machinery, plates, paper and processes arising from interference with the light, and from deposits of cinders.

*Held,* that, in an action of such a character, no damages to personal property could be recovered.

That if any such damages could be recovered it must be in an action not relating solely to real property.

That where improper testimony, in the form of the opinions of witnesses, had been admitted, the error was not cured by a finding that the trial court rejected all such testimony, except where the opinion was a matter of personal experience and knowledge.

That it was impossible for the appellate court to determine from such a finding what testimony was deemed by the trial court to be a matter lying within the personal experience and knowledge of the expert.

That the fact that the plaintiff had recovered against the lessee company for damages done to a portion of its building fronting on another street, was not a bar to the present action.

APPEAL by the defendants, the Metropolitan Elevated Railroad Company and the Manhattan Railway Company, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 2d day of September, 1890, in favor of the plaintiff for damages and costs, and granting a permanent injunction, unless within thirty days the defendants purchased plaintiff's easements in certain real property for $40,000, which judgment was recovered after a trial at the New York Special Term before the court without a jury.

*E. C. James,* for the appellants.

*W. H. Peckham,* for the respondent.

VAN BRUNT, P. J. :

We think that this judgment must be reversed because of errors in the admission of evidence, and also because of error in reference to an allowance for damages to personal property.

This action was brought to enjoin the operation of the elevated railroads, unless they should pay for easements which had been taken by them in the street in front of the plaintiff's premises, and by which the said premises had been depreciated in value.

The plaintiff's corporate business is that of bank-note engraving and printing, which business is one requiring good air and light, free from dust and other impurities of a like character. The plaintiff gave evidence tending to show the value of the machinery,

fixed and unfixed, which was contained in the part of the building covered by the suit in question, and of damages to machinery, plates, paper, processes, and business thereof, arising from interference with the light by the erection of the defendant's structure, and also arising from the cinders coming from the engines used in operating the defendant's road. The learned court gave judgment in this action for such damages to the personal property of the plaintiffs. This, we think, was error. No damages of this class can be recovered in an action, such as the one at bar, as incidental thereto. This action, as has already been stated, is to restrain the running of the road unless they paid the value of the easements taken, which value is to be ascertained by determining the depreciation of the plaintiff's premises caused by reason of the erection and operation of the road.

As incident to such an action, past damages in the shape of diminution in rental or usable value of the premises occasioned by this continuing trespass, have been allowed. But in no case has the court gone so far as to hold that damages to personal property might be recovered in an action of this description. The action in question is one relating entirely to the realty, and has no reference to any question as to personal property; and if any damages have been sustained by personal property, which the plaintiffs can recover against the defendants, it must be by an action of a different nature.

Error seems also to have been committed upon the part of the learned court in allowing evidence of the opinion of witnesses in respect to the amount of damage done by the operation of defendant's railroad. Various witnesses were allowed to give their estimates as to the annual damages arising from the various causes which were mentioned as interfering with the plaintiff's business. The effect of the admission of such testimony seems to have been realized by the learned court in a finding which was to the effect that the testimony of plaintiff's experts is disregarded and excluded as to all matters of opinion except where the opinion is a matter of personal experience and personal knowledge of the expert as shown by prior and later testimony.

But this finding by no means cured the error. It is impossible for the appellate court to determine how much of this objectionable testimony was considered by the court, and how much it considered

to be matters of personal experience as shown by later and prior testimony, and how much was not so fortified. The only way in which evidence can be removed from the record is to strike it therefrom, so that the appellate court may know what is intended to be excluded, and not leave it entirely to inference.

The claim is made that a recovery by this plaintiff for damage to another portion of the building erected upon these premises by an elevated railroad running upon another street is a bar to a recovery in this action. We do not think that any such claim can prevail. These roads were erected by different corporations, and although one of the defendants, the Manhattan Company, has become the lessee of both roads, and is a defendant in both actions, yet the ultimate rights of the parties are different. Notwithstanding the lease, their ulterior remedies, if they should fail in obtaining satisfaction from the Manhattan Company, would be against each of the other companies separately; and in respect thereto they would have no community of interest, and it would have been improper to have joined them in the same action.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

O'Brien and Patterson, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.