(5 Misc. Rep. 239.)

STRUTHERS v. NEW YORK EL. R. CO. et al.

(Common Pleas of New York City and County, General Term.    October 2, 1893.)

1. ELEVATED RAILROADS—VALUE OF EASEMENTS—FINDINGS—HARMLESS ERROR
In an action against an elevated railway for an injunction and damages, though it is error to refuse defendants' request to find that plaintiff's easements, apart from the land, have a nominal value only, yet if it affirmatively appears that the court applied the proper measure of damages, and excluded from consideration any value of the easements apart from the land, the error is harmless.

2. SAME—DAMAGE—SUFFICIENCY OF EVIDENCE.
In such case plaintiff's real-estate expert testified that the value of plaintiff's property was $13,500 in 1873, seven years before the road was built; that the ratio between rental and fee values was then 10 per cent.; and that property generally, except such as abutted on the railway, had more than recovered from the effects of the panic of 1873, and that both fee and rental values had gone above the values of 1873, but that the ratio of rental to fee value had declined to 9 per cent. He further fixed the value at the time of the trial at $10,000, and the rental value at $900. *Held*, that the evidence was sufficient to sustain a finding of $2,400 for damages, and $240 per year rental damage.

Appeal from judgment on report of referee.

Action by William Struthers against the New York Elevated Railroad Company and the Manhattan Railway Company to restrain the maintenance and operation of defendants' elevated railway in

front of the premises No. 315 East Thirty-Fourth street, New York city, and to recover damages sustained by plaintiff by reason thereof. From a judgment providing that an injunction should issue unless defendants pay plaintiff $2,400 on the execution of a deed or release conveying the easements taken, and that plaintiff recover $2,320 damages, defendants appeal. Affirmed.

The first and second conclusions of law referred to in the opinion were as follows: "First. The owners of the premises described in the complaint have at all times since the year 1819 had an easement of light, air, and access in and to East 34th street in front of the said premises, and some portion of said easements has been taken away by the construction, operation, and maintenance of the defendants' railroad. Second. The construction, maintenance, and operation of the said railroad opposite to the premises described in the complaint diminish the permanent value of the said premises, and such depreciation, exclusive of any depreciation caused by noise resulting from the operation of the road, amounts to the sum of $2,400."

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Julien T. Davies and R. L. Maynard, for appellants.
J. Aspinwall Hodge, Jr., for respondent.

BISCHOFF, J. The easements appurtenant to land abutting upon defendants' elevated railroad being without more than nominal value, abstractly considered, compensation for injury to the fee caused by the presence and operation of the railroad must be measured by the effect which the taking of the easements has produced upon the land itself; or, in other words, the proper measure of compensation is the difference in the market value of the land with and without the easements. Newman v. Railroad Co., 118 N. Y. 618, 23 N. E. Rep. 901; Bohm v. Railroad Co., 129 N. Y. 576, 29 N. E. Rep. 802. A refusal, therefore, to find that the easements appropriated by defendants, considered separate and apart from the land, have a nominal value only, presents error which requires reversal, in the absence of every intimation in the decision or report from which the appellate court may conclude that the award was for consequential damages only, and that it was not in whole or in part predicated of a supposed substantial value of the easements. Bookman v. Railroad Co., 137 N. Y. 302, 33 N. E. Rep. 333; Sutro v. Railway Co., 137 N. Y. 592, 33 N. E. Rep. 334. If, however, it affirmatively appears that, notwithstanding the refusal to find as requested, the proper measure of damages was applied, and that in determining the amount of damages the court or referee excluded from consideration any value of the easements apart from the land, the error of the refusal is rendered harmless and of no avail. Bischoff v. Railroad Co., (N. Y. App.) 33 N. E. Rep. 1073; Sixth Ave. R. Co. v. Metropolitan El. R. Co., (N. Y. App.) 34 N. E. Rep. 400; Steubing v. Railroad Co., Id. 369. Now, turning to the report in the case at bar, it does not appear that the referee has assumed the easements appropriated by defendants to be of any value whatever independently of the land; and, referring to the first and second conclusions of law, it does appear that the award made exclusively represents

the diminution in the market value of the land itself, after it was deprived in part of its appurtenant easements by the advent and operation of the railroad.   Upon the authority, therefore, of the Bischoff, Sixth Ave. R. Co., and Steubing Cases, above referred to, any error in refusing to find that the easements considered apart from the land have only a nominal value should be disregarded.

Appellants further assail the judgment on the ground that the referee erroneously excluded the elements of special and general benefits from his consideration of the amount of damages to be awarded for injury to the fee value of plaintiff's premises.   Newman and Bohm Cases, supra.   So far as any benefits which are special and peculiar to the premises, and arise from the presence of defendants' railroad, are concerned, the referee, upon a conflict of evidence, and upon conflicting inferences to be legitimately drawn from the evidence, not only refused to find that such existed, but explicitly found that there were none, and except in the case of a palpable miscarriage of justice, which the evidence in the present case does not authorize us to assume, the referee's determination of the facts should be accepted as conclusive.   Betjeman v. Railroad Co., (Com. Pl. N. Y.) 20 N. Y. Supp. 628; Cohn v. Railroad Co., 136 N. Y. 646, 32 N. E. Rep. 763; Adler v. Railroad Co., (N. Y. App.) 33 N. E. Rep. 935.   With reference to general benefits concomitant with the injury caused by the advent and operation of defendants' railroad, it is to be observed that the evidence sufficiently demonstrates that plaintiff's premises have suffered a diminution in both fee and rental value from the presence of the railroad, and justified the awards made both for past and fee damages. General benefits, if there be any, would naturally manifest their presence and prove their pecuniary worth either by preventing a decline of fee and rental values or by enhancing them.   In either case, therefore, a consideration of the evidence adduced to show the course of values of the premises abutting on the railroad and others in the same locality necessarily included concomitant general benefits.   If, however, defendants are to be permitted successfully to contend that, notwithstanding any injury caused by the railroad, its presence has increased the fee and rental value of premises abutting upon it above what such values would have been without the railroad, and that, after due allowance for the injury, there yet remains an excess of benefits, although the values remain diminished, then they must assume the burden of proving the pecuniary extent to which such benefits have advantageously influenced the values.   Without such proof, any finding that the benefits exceed the injury would be wholly arbitrary; and, if attempted observance of this rule implies an invasion of the realms of speculation, increases the perplexity of arriving at a precise solution of the question of damages which is presented in this class of actions, and renders competent evidence difficult of attainment, defendants yet have a means of escape, if they will avail themselves of the exercise of their right of eminent domain in the manner for such cases intended and provided, and permitting of a result to be reached untrammeled by technical rules of evidence.

It was conceded by defendants that their railroad was first operated on July 1, 1880. The testimony of Curtiss, plaintiff's expert, appears to be intrinsically of greater worth than that of defendants' expert, and therefrom it appears that in 1873, before the panic, the ratio of rental to fee value was 10 per cent. and that the fee value of plaintiff's premises was then $13,500. From this the deduction is that the rental value at the same time was $1,350. It further appears from the same testimony that property generally, except such as abutted upon defendants' railroad, had more than recovered from the effects of the panic, and that both their fee and rental values had gone above the values of 1873, but that the ratio of rental to fee value had declined to 9 per cent. Had, therefore, plaintiff's premises shared in the general rise, their fee value at the time of the trial would have been not less than $15,000, accepting their rental value at the same time at what it was in 1873. Curtiss, however, fixes their fee value at the time of the trial at $10,000; defendants' expert, at $11,000; and their rental value at the same time,—Curtiss, at $900; defendants' expert, at $1,000. The referee awarded $2,400 for fee damages, and at the rate of $240 per annum for rental damages, both awards being less than the evidence warranted. We by no means overestimate the worth of expert testimony of the class adduced on the trial of this action. It is concededly competent, and has been repeatedly so declared by our highest appellate court. We should therefore consider it, and, if our conclusion that the referee was authorized to find the damages at the amounts fixed by him proceeds mainly from the opinions of the experts examined, it is because neither party has afforded us a sufficiently accurate basis for computation by comparison with actual rentals and fee values on adjacent streets.

Lastly, we think that the referee justly inferred from the evidence that plaintiff's premises were prevented from rising in fee and rental values equally with other property in the same locality, and not abutting upon the railroad, by the latter's presence and operation. Bohm v. Railroad Co., 129 N. Y. 576, 29 N. E. Rep. 802. This question is one of fact, and, if the evidence is reasonably open to conflicting inferences, the finding of the trial court should not be disturbed. Becker v. Railway Co., 131 N. Y. 509, 30 N. E. Rep. 499; Storck v. Same, 131 N. Y. 514, 30 N. E. Rep. 497. Diminution of light, obstruction of the means of access, corruption of the air, accompanied by constant intrusion of smoke, steam, and cinders, inflict self-evident injury, and render the premises affected less desirable; hence less valuable. The locality of plaintiff's premises was prior to the advent of the railroad in a central and populous part of the city. Instead of augmenting the populousness of the locality, and increasing the demand for tenements and dwellings, it is in evidence that the railroad induced residents to leave for remoter parts of the city, thus occasioning frequent vacancies, and inflicting loss of rental upon owners whose premises formerly abounded with desirable tenants, compelling them, as a means of avoiding greater sacrifice, to accept the substitution of a less desirable class. That the railroad was a detriment, therefore, to property elsewhere in the

same locality, as well as to abutting property, is apparent; and if, notwithstanding, the property has recovered from the temporary depression caused by the panic of 1873, it seems but a reasonable inference from the facts that the recovery was due wholly to adventitious causes, upon which the presence of the railroad exerted no control. Becker v. Railway Co., and Storck v. Same, supra. The judgment should be affirmed, with costs. All concur.