(13 Misc. Rep. 218.)

### NETTE v. NEW YORK EL. R. CO.

(Common Pleas of New York City and County, General Term.  June 27, 1895.)

APPEAL—HARMLESS ERROR—ADMITTING INCOMPETENT EVIDENCE.

   Error of a referee in admitting evidence is cured by his statement of record that all such evidence, which is identified, was disregarded.

Appeal from judgment on report of referee.

Action by Charles Nette against the New York Elevated Railroad Company.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Julien T. Davis and R. L. Maynard, for appellant.
J. Aspinwall Hodge, Jr., for respondent.

BISCHOFF, J.   This action was brought in the usual form against the defendants, to restrain the operation of their elevated railway in front of plaintiff's premises in event of their failure to pay the sum awarded as damages.  We think that there is no ground upon which the judgment can be well assailed.  The testimony given by plaintiff's expert justified a recovery in excess of the referee's award for fee and rental damage, and while, as is usual, the defendants' evidence conflicted with this testimony, we find that the probabilities are not so overwhelmingly against the plaintiff as to call for a reversal.

It is also claimed that the referee erred in refusing to find the presence of benefits, general or special, to plaintiff's property by reason of the maintenance and operation of defendants' road.  We fail to find the error.   The presence of general benefits would naturally lead to the enhancement of value, and would disclose itself in the existing condition of the property, unless there might be circumstances under which general benefits and a still diminished value might result, in which latter case it would be for the defendants to show the value of such benefits (Struthers v. Railroad Co. 5 Misc. Rep. 242, 25 N. Y. Supp. 81), which was not done here.  Nor, from the evidence before us, are we to say that the finding of the absence of special benefits results in a palpable miscarriage of justice.   Struthers v. Railroad Co., supra.   Thus, upon the facts of the case, the finding must conclude.

Further, it is contended that the error, if any, presented by the referee's admission of testimony, over exception, with regard to prices paid for or rents received from particular adjacent property, other than the property in suit, was not cured by his statement of record that all such evidence had been disregarded; and counsel cites the case of American Bank-Note Co. v. Metropolitan R. Co., 63 Hun, 508, 18 N. Y. Supp. 532.   In this case, however, the evidence disregarded stands alone, and is readily identified,—as much so as if definitely marked as stricken out,—and the objections found in the case cited to this course of practice are not here apparent.  Even in the case of a jury trial, an instruction that the jury disregard certain evidence imports the fact that such evidence found no

lodgment in their minds. Chesebrough v. Conover, 140 N. Y. 389, 35 N. E. 633. And such, a fortiori, should be taken as the result in a case where a referee states of record that he had disregarded particular testimony in reaching his conclusion. As stated above, the plaintiff's evidence, irrespective of the testimony disregarded, is found to support the judgment, which, we think, should be affirmed, with costs. All concur.