58

DOROTHY TACKTILL, as Administratrix, etc., of LOUIS TACKTILL, Deceased, JOE TACKTILL and MAX SKALITAR, Respondents, *v.* EASTERN CAPITOL LINES, INC., Appellant.

MORRIS BADLER, as Administrator, etc., of NATHAN BADLER, Deceased, and SIMON GOLDIN, Respondents, *v.* EASTERN CAPITOL LINES, INC., Appellant.

(Consolidated Actions.)

First Department, June 19, 1940.

*Jacob Scholer* of counsel [*Milton Kunen* and *Kaye, Scholer, Fierman & Hays* with him on the brief; *Henry P. Goldstein,* attorney], for the appellant.

*Sidney J. Feltenstein* of counsel [*David M. Liptzin,* attorney for Dorothy Tacktill and Joe Tacktill; *Feltenstein & Rosenstein,* attorneys for Morris Badler and Simon Goldin], for the respondents.

O'MALLEY, J. The judgments appealed from were secured in a consolidated trial of two actions. In one, plaintiff Dorothy Tacktill sought damages for the death of her husband and intestate, Louis Tacktill, due to the alleged negligence of defendant bus company; and the plaintiffs Joe Tacktill and Max Skalitar for personal injuries. In the other, plaintiff Morris Badler, as administrator of Nathan Badler, sought damages for the death of his intestate and plaintiff Simon Goldin damages for personal injuries.

All plaintiffs were occupants of a Chevrolet car, owned and operated by the deceased Louis Tacktill. It collided with a bus owned and operated by the defendant. The accident occurred on Route 17, about three miles south of Monticello, N. Y. The Chevrolet, which was proceeding northerly toward Monticello, turned out of a line of traffic in an attempt to pass. Defendant's bus was proceeding in the opposite direction.

Plaintiffs' evidence was to the effect that, when the Chevrolet had entered the center or passing lane of the three-lane road, defendant's bus rounded a downgrade curve behind another automobile, traveling at the rate of fifty to fifty-five miles an hour, and attempted to pass the car ahead of it; that to avoid the accident the bus swung to its right to re-enter the south-bound lane; that in so doing its operator lost control, with the result that the bus again entered the center or passing lane and collided with the Chevrolet.

Defendant's evidence was to the effect that the Chevrolet in attempting to pass cars in its line of traffic did not proceed in the center or passing lane, but swung diagonally across that lane into the south-bound lane in which the bus was traveling; that the collision was due entirely to this fault on the part of the driver of the Chevrolet; that the bus at no time attempted to pass a car ahead and at all times remained in its right or south-bound lane.

Upon the issue thus presented there was a sharp conflict in the evidence. Numerous witnesses were called by the parties in support of their respective theories. State troopers who came to the scene testified with respect to the tire marks. This testimony tended to support defendant's claims.

Defendant's appeal is predicated upon the ground that the verdict was against the weight of the credible evidence and also upon alleged reversible errors. While in our view it may not be said that the jury were not justified in finding in favor of the plaintiffs on the issue thus presented, we are of opinion that errors

of law relied upon by the defendant are substantial and that there must be a new trial.

Louis Harris was called as a witness for the defendant. He had a full view of the accident as he was driving in the lane of traffic directly behind the Chevrolet. His testimony was to the effect that the Chevrolet, when it turned out, did not remain in the center or passing lane, but crossed diagonally over to the left side of the road into the south-bound lane in which the bus was proceeding.

Immediately after the accident, which occurred about five-thirty P. M., Harris and other witnesses were interviewed by State troopers. Harris' written statement given to the troopers was to the same effect as his testimony on the trial. This statement was marked for identification on his direct examination.

On cross, plaintiffs' counsel sought to show bias on the part of this witness. He attempted to show that Harris, when seen at his home in Danbury, Conn., by a representative of plaintiffs' counsel, stated that he did not intend to come to New York to testify at the trial. He further established that at the behest of defendant he was sent for by the prosecuting attorney in Danbury, who was instrumental in inducing him to visit the office of defendant's attorney in New York, and that later he came voluntarily to New York to testify; that on the night of the accident he was interviewed by representatives of the defendant and that at such time the defendant paid him $110 in settlement of damages sustained by his automobile when it came into contact with the defendant's bus.

On redirect, the defendant's counsel offered the statement, which Harris had given the State troopers, in evidence for the purpose of showing that before defendant settled with him and before he had any motive to falsify, he had given the statement. The statement was excluded.

The evidence is clear that this statement was given at the scene of the accident and before Harris was seen by a representative of defendant. Later that evening, Harris was interviewed at Liberty, N. Y., some miles away from the scene of the accident, at which time the defendant paid him for the damages to his car. The claim of plaintiffs' counsel that the statement was delivered simultaneously with this payment cannot be sustained. The statement, therefore, was competent as tending to support the witness' testimony by declarations of like tenor before a motive existed. (*People* v. *Racciatti*, 225 App. Div. 284; *Hill* v. *Erie Railroad Co.*, Id. 19.)

In the circumstances, we are of opinion that it was reversible error to exclude this statement. The jury would have had a right

to find that at the time it was given Harris had no motive to falsify. Moreover, the statement was in a sense contrary to his own interests. Further, it is to be borne in mind that Harris, as already noted, was one of the most important witnesses called by defendant, as he was immediately behind the Chevrolet car and had a full view of what took place.

The other error relied upon by defendant was the denial of its motion to declare a mistrial for an alleged prejudicial remark by plaintiffs' counsel during his summation. In referring to what took place immediately following the accident, counsel stated: " The plaintiffs weren't looking for lawyers, they wanted doctors, but the insurance — I mean the bus company, they were making that effort while all this is going on."

Upon objection by defendant's counsel, plaintiffs' counsel stated that he would withdraw the statement; that it was an inadvertence and slip of the tongue. In denying the motion for mistrial, the trial justice attempted to cure the error by instructing the jury that there was no evidence in the case that the defendant was covered by insurance. In addition, he polled the jury and they individually answered that they would not permit the incident to prejudice them in any way in their determination of the facts.

Considered in connection with the erroneous exclusion of the Harris statement, we are of opinion that it may not be said that the court's action served to cure the error committed. Rather, it seems to us that his question to each of the jurors might have served to emphasize the incident in their minds.

In the circumstances, we are of opinion that the judgments, in so far as appealed from, should be reversed and a new trial ordered, with costs to the defendant to abide the event.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgments, so far as appealed from, unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.