MORRIS GROSS et al., Doing Business as M. & M. POULTRY MARKET, Plaintiffs, *v.* SURFACE TRANSPORTATION CORP. et al., Defendants.

Municipal Court of the City of New York, Borough of The Bronx, May 19, 1947.

*Sidney N. Zipser* for plaintiffs.

*Stuart Riedel* and *Goodwyn Kuyk* for defendants.

LORETO, J. The court reserved decision on the defendant's motion for a mistrial when made during the summation of plaintiff's attorney and also when repeated after the jury returned its verdict.

This suit is brought to recover damages to plaintiff's motor vehicle sustained in a collision with defendant's bus at a street intersection controlled by traffic light.

During the course of his summation, the plaintiff's attorney made the following statement to the jury: "Ladies of the jury, did you expect the bus driver to come in here and tell you that he drove the bus through a red light? After this trial is over, if you have the inclination, you can go into any court in the City of New York, and I defy you to hear a bus driver admit that he went through a red light."

Objection was promptly taken to this statement by defendant's trial counsel, who asked the court to withdraw a juror and declare a mistrial on the ground that the statement was highly improper and prejudicial. The court, in sustaining the objection, instructed the jury to disregard all argument and statements of counsel not supported by the evidence and not in accordance with their recollection of the evidence, and reserved decision on the motion for a mistrial.

When the jury returned its verdict in favor of the plaintiff, the defendant moved to set it aside as against the weight of the evidence. The court stated that on such ground alone the defendant's motion would be denied, except insofar as it would be dependent upon the defendant's motion for a mistrial as to which decision had been reserved. The defendant then renewed its motion for a mistrial on the ground already mentioned and also moved to set the verdict aside. Decision was reserved on these motions.

"A verdict should be found only on the law and the evidence. Appeals to prejudice or passion, and the statement of facts neither proved nor presumed, have no place in a trial conducted according to the rules of the common law." (*Cattano* v. *Metropolitan Street Ry. Co.*, 173 N. Y. 565, 571.)

The motion for the withdrawal of a juror because of prejudicial remarks is one addressed to the discretion of the trial court, which may grant or refuse it, taking into consideration the circumstances surrounding the case. (*Chesebrough* v. *Conover*, 140 N. Y. 382, 388.)

Unless it clearly appears that the improper remark could not have influenced the verdict, even though the court sustains an objection to an improper statement, strikes it from the record and directs the jury to disregard it, it constitutes reversible error. (*Simpson* v. *Foundation Co.*, 201 N. Y. 479, 490.)

There are times when the court's action intended to cure the prejudicial error by its instruction in attempting to remove

from the minds of the jurors the effect of any prejudice created by the improper statement, may but tend to emphasize it in their minds. (See *Tacktill* v. *Eastern Capitol Line, Inc.*, 260 App. Div. 58, 61.)

The plaintiff's attorney clearly transgressed the legitimate bounds of fair argument in summation. His sweeping statement to the effect that deliberate perjury is invariably committed by bus drivers and implying that such practice is countenanced by the defendant, is wholly unsupported by the record. Its dangerous significance was given sharper point and made more penetrating by the added defiance hurled, in the heat of argument and with apparent deadly sincerity, at the jurors to observe the contrary if they were to go to any court in the city.

The challenged remark was decisively prejudicial and incurably so. It touched on the very heart of the case. If accepted by the jury or even suspected by them to have a grain of truth, one can readily perceive how they would reject not only the testimony of the defendant's bus driver but also that of its corroborating witnesses.

The court is unable to say that it clearly appears that the offensive statement made in summation could not have influenced the jury's verdict.

The opinion of the court in *Cherry Creek Nat. Bank* v. *Fidelity & Casualty Co.* (207 App. Div. 787, 790-791) is in point: " The rule confining counsel to legitimate argument is not based on etiquette but on justice. Its violation is not merely an overstepping of the bounds of propriety but a violation of the party's rights. The jurors must determine the issues upon the evidence. Counsel's address should help them to do this, not tend to lead them astray. (*Cattano* v. *Metropolitan Street Ry. Co.*, 173 N. Y. 565.) The law is so insistent that misleading prejudicial matter shall not be allowed to enter jurors' minds that under certain circumstances the asking of an incompetent question for an ulterior purpose, even though the question be not answered, will justify the setting aside of a verdict. (*Cosselmon* v. *Dunfee*, 172 N. Y. 507.) "

The court is therefore constrained to grant the motions on which it reserved decision. Accordingly, the verdict is set aside and the action is restored to the calendar for retrial on June 15, 1947.