JOHN GORMAN, Respondent, *against* JACOB SCHOLLE, Appellant.

(Decided June 7th, 1886).

Plaintiff was employed as a broker, by defendant, to procure a purchaser for certain lots of land, and did procure a purchaser, who in good faith agreed to purchase the lots at the price and on the terms fixed by defendant; but defendant refused to sell them except subject to the right of a lessee of the premises to remove a stable which was thereon, no such condition having been made until after the purchaser had been procured. *Held,* that plaintiff was entitled to his commission.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the report of a referee.

The facts are stated in the opinion.

*Alexander B. Johnson,* for appellant.

*Matthew Daly,* for respondent.

Gorman v. Scholle.

PER CURIAM.—It appears from the evidence that the plaintiff was a real estate broker, and that some time prior to March, 1884, the defendant employed him to procure a cash purchaser for six lots of land, corner of Third Avenue and 84th Street, in this city, at the price of $90,000. It also appears that the plaintiff, under such employment, did procure a purchaser at the price asked, brought the parties together on the 20th day of March, 1884, and the purchaser in good faith agreed to buy the property at the price of $90,000 ; and that the defendant and the purchaser agreed on the terms and conditions on which the sale and purchase should be made, defendant waiving the requirement that the sale should be for cash, and agreeing to take a part of the price in a purchase money mortgage. He however declined to execute a written agreement until he had consulted counsel as to the effect of a lease then on said premises to one Eggers. The said purchaser was accepted by defendant subject only to the advice of his counsel as to the effect of this lease. Thereupon the defendant promised to pay plaintiff his commission. After consulting counsel, defendant declined to enter into a contract with the purchaser for a sale of the property, except subject to the right of Eggers to remove from the lot a stable which was thereon. The purchaser refused to take the property subject to such right, but offered to take the lots as they stood at the price of $90,000.

When the defendant employed plaintiff to procure a purchaser of the lots for $90,000, no condition was made that the purchaser should take title subject to the removal of this stable, and nothing was said in relation thereto until the purchaser had been procured.

The sale fell through for the sole reason that the defendant declined to sell, except subject to the right of the tenant to remove the stable.

The referee has found that the liability of the defendant was not altered by the fact—if it be a fact—that the tenant had a right to remove the stable, such fact and right not having been made a part of the terms upon which plaintiff

was to procure a purchaser, and nothing having been said on the subject until after a purchaser had been procured.

We have no doubt as to the correctness of the referee's decision on that question ; nor have we any doubt that, on the state of facts presented, the plaintiff performed his contract and was entitled to his commissions.   He did procure a *bona fide* purchaser, ready to buy the lots on the terms fixed by the defendant when he authorized plaintiff to offer them.

We have read the opinion of the referee, and think his decision, and the reasons upon which it is based, are correct, and that the judgment should be affirmed, with costs.

Judgment affirmed, with costs.