(10 Misc. Rep. 380.)

### STRONG v. PRENTICE BROWN STONE CO.

(Common Pleas of New York City and County, General Term.    December 3, 1894.)

1. PRINCIPAL AND AGENT—COMPENSATION OF AGENT.
    The mere fact that a person wrote to his agent to sell goods, whose commissions were to be the excess above a certain amount, that he would want him to take his pay from the sale of the goods, does not prevent the principal from being personally liable for the commissions, in the absence of an acceptance of such proposition by the agent.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
    The admission of evidence will not be reviewed where the grounds of the objection thereto were not specified.

Appeal from city court, general term.

Action by Charles L. Strong against the Prentice Brown Stone Company.    From a judgment of the city court (26 N. Y. Supp. 85) affirming a judgment of the trial term for plaintiff, defendant appeals.    Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Niles & Johnson, for appellant.
Warren Higley, for respondent.

BISCHOFF, J.    This is an action for commissions.    The plaintiff, at the instance and request of the defendant, procured a contract for the sale of a quantity of stone.    After the making of this contract the purchaser refused to complete his agreement, and no payments upon the sale were received by the defendant.    The terms of the agreement of agency between the parties to this action with regard to the employment and compensation of the plaintiff are found only in the correspondence which passed between them, and which appears in evidence; the case turning practically upon the question whether or not the construction put upon this agreement by the trial justice below in his submission of the case to the jury was correct.    This construction was that the plaintiff was entitled thereunder to his commissions, at the rate agreed, immediately upon the execution of the contract of sale procured by him; the sole question left to the jury being as to the amount due, there being some question of fact with regard to one item of that amount.    The appellant's exceptions sufficiently raise the point here made that by the agreement between these parties the commissions were to be paid only in the event of payments upon the sale being made, the plaintiff to take his commissions from such payments.    The correspondence in evidence shows that the plaintiff was engaged to procure a contract for the sale of the defendant's stone at the price of 65 cents a cubic foot delivered to the purchaser, the freight being figured by the defendant at 15 cents per foot, and the stone

to net the seller 50 cents. It was agreed that the plaintiff was to have as commissions the excess in price of sale over this amount. The appellant's contention that these commissions were payable only when payments upon the contract were made is based upon the contents of a letter sent to the plaintiff by the defendant after negotiations concerning the above terms. As material, the letter is as follows:

"Yours of the 26th received, and contents carefully noted. We will deliver to you No. 1 good stone at sixty-five cents per foot, on board of vessel alongside of your dock, * * * without commissions or handling in Cleveland. We should want the stone to net us that, giving you anything that you can get above that for commissions and handling. Would want you to advance freights, and take your pay from the sale of stone. This is way down in price. Will that be satisfactory? * * * You can commence selling on the terms I gave you; and please write me, on receipt of this, what you think you can do."

The terms referred to were as before noticed. Following this, the plaintiff wrote to the defendant, requesting that the latter communicate with a certain expected purchaser, referring him to the plaintiff, as agent, for details of the sale; but no further mention as to commissions was then made. Negotiations between the plaintiff and the expected purchaser continued, ending in the contract being made at the rate of 70 cents a foot for the stone, the last letter sent from the defendant to the plaintiff concerning the matter before its final completion being as below:

"Your dispatch of the 16th is just at hand, saying: 'Make Charles Kickox a proposition to furnish stone for his building, No. 1 quality, on vessel here, seventy cents per foot, mailed to me. Think I have secured it. C. T. Strong.' We will accept seventy cents a foot on vessel at Cleveland for our No. 1 stone, and furnish it to our best ability, but we know so little about what he wants that we think it is best for you to make a contract, and send it to us for our signature. You can readily see we do not know how fast they want it, or when they want to begin to ship. * * * Make the contract as you would make it if it was your own quarry, and I think it will be all right. Of course, we expect to pay your commission. Hoping you will secure the contract, we are," etc.

We think the only authorized construction of this agreement to be that the defendant undertook to pay the plaintiff his commissions according to the price netted, as determined by the contract of sale, and he was thus entitled to them when that contract was entered into. Loffler v. Brestenstein, 19 Wkly. Dig. 444; Gorman v. Scholle, 13 Daly, 516. The proposition contained in the defendant's letter that the plaintiff should take his pay "from the sale of the stone" was no more than a suggestion that the agreed compensation should be paid in that way, and is not to be interpreted as a condition of payment, there having been no acceptance of it, and the defendant having subsequently, in the face of the plaintiff's failure to answer or in any way accede to the proposition, clearly expressed its understanding of the liability assumed to pay the commissions. An agreement to pay commissions, based in amount upon an excess over a stipulated purchase price to be procured by the agent, is undoubtedly within the rule which imposes upon the

principal a liability for such payment when the sale is made. Loffler v. Brestenstein, supra.

The question as to what amount of freight was saved to the defendant by the plaintiff, for the purpose of determining the sum to be netted the seller under the contract over and above the required price of 50 cents per cubic foot, was properly submitted to the jury, and their determination is not without evidence in its support.

It is claimed that the admission of plaintiff's testimony as to what the amount of his commissions was to be presents error, but whatever force there may be in the objection is nullified, for the purposes of this appeal, by the absence of an exception to the ruling made. The exception taken to admission of other testimony of the plaintiff, following an objection of which the grounds were not stated, is nugatory. Myers v. Cohen (Com. Pl. N. Y.) 23 N. Y. Supp. 996. The point raised being thus found to present no error, the judgments of the general and trial terms of the court below are affirmed, with costs. All concur.